No. 22,567.

GRACE NIXON, *Appellee*, v. IRA NIXON, *Appellant*.

SYLLABUS BY THE COURT.

DIVORCE—*Alimony Properly Based Partly on Future Earning Capacity of Husband.* Although the statute provides that the wife shall be allowed alimony "out of the husband's real and personal property" where a divorce is granted by reason of his fault, his earning capacity is a matter to be taken into account, and he may, in a proper case, be required to pay permanent alimony beyond the value of his estate at the time the marriage is dissolved.

Appeal from Shawnee district court, division No. 1; ROBERT D. GARVER, judge. Opinion filed March 6, 1920. Affirmed.

*A. E. Crane,* and *Guy Bradford,* both of Topeka, for the appellant.

*T. F. Garver,* of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Grace Nixon was granted a divorce from Ira Nixon. He appeals from a judgment for alimony on the ground that, being in excess of the value of the property he then owned, it was necessarily based upon his earning capacity, and was therefore unauthorized.

The appellant contends that with the granting of the divorce the marital relation, with all obligation on the part of the husband to support the wife, is absolutely terminated, and she can have no claims upon his future accumulations; that the statute embodies this view in the provision that the allowance for alimony shall be made out of the husband's property. While it is true that after the granting of a divorce the husband owes no duty to the wife except so far as it may be preserved or imposed by the decree itself, alimony is allowed, in a measure at least, in lieu of the support upon which she had a right to rely when she entered into the married state, or as compensation for its loss. (2 Bishop on Marriage, Divorce and Separation, §§ 1052-1054.) "The doctrine of alimony is based upon the common-law obligation of the husband to support his wife, which is not removed by a divorce obtained by

her for his misconduct." (14 Cyc. 743.) Although what is received by the wife in a division of property is commonly spoken of as alimony, a distinction may obviously be made. Thus it has been said of alimony:

"The foundation for its allowance is the duty of the husband to provide for the wife's support; and where a divorce or separation occurs because of his fault, the duty of providing for her maintenance continues, and the court by an allowance of alimony compels its performance. A division of the property of the parties is an essentially different thing." (*Johnson v. Johnson*, 57 Kan. 343, 348, 46 Pac. 700.)

The great weight of authority supports the view that, in determining the amount of alimony, the court may take into account the earning capacity of the husband as well as the value of the property he has accumulated. (3 Enc. L. & P. 81, 84; 14 Cyc. 772, 773; 1 R. C. L. 930-934.) Only two of the decisions collected in the notes to the texts cited are explicitly to the contrary. (*Feigley v. Feigley*, 7 Md. 537, 563; *Jackson v. Burns*, 116 La. 695.) A third case (*Wilson v. Wilson*, 67 Minn. 444, 448) which announced the same rule was controlled by a specific statutory provision to the effect that the aggregate award to the wife should not exceed one third of the husband's personal estate and the value of her dower; this was amended shortly after that decision (Gen. Laws Minnesota, 1901, ch. 144, § 1), since which time the general rule has prevailed in Minnesota. (*Haskell v. Haskell*, 119 Minn. 484.)

The language of our own statute, if construed somewhat literally, might seem to lend color to the appellant's contention. It reads:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements and hereditaments owned by her before her marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the property which came to him by marriage and the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable." (Civ. Code, § 673, Gen. Stat. 1915, § 7581.)

Inasmuch as the allowance to the wife, although called alimony, is spoken of as being made "out of the husband's real

and personal property," there is room for the argument that his capacity for future accumulation—his present earning power—is not to be taken into account. The real reason for the use of the expression quoted, however, was doubtless to indicate clearly that the amount allowed as alimony should be taken from the husband's own resources—that it should be deducted from his share of the property (real as well as personal) after it had been divided and not from the common fund before division. It has been said in a case arising under a statute essentially similar in the respect referred to:

"We should be very unwilling to adopt a construction of the statute which would exclude the wife, upon divorce, from all right to support from the income of the husband at the time of divorce or from his estate subsequently acquired. There may well be cases in which the actual estate of the husband, at the time of divorce, may be nominal only, and his income ample; cases in which the husband, without adequate estate or income, at the time of divorce, may afterwards acquire competent estate or income, or both. During coverture, the wife would be entitled to support out of these; and we do not understand that, upon divorce, she should lose her right. The statute clearly recognizes the continued claim of the wife to support from her husband, notwithstanding the divorce, except in case of her adultery. It is admitted that the statute provides for it, out of any estate possessed by the husband at the time of divorce; it is denied only as to his income: If the power to provide for the wife out of the husband's income were wanting in the statute, when his estate is inadequate and his income adequate, it would evidently be a *casus improvisus*: an oversight in the letter of the law, against its spirit and intention.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"Our statute of divorce recognizes the natural tie and consequent obligation, and proceeds upon them, in providing for the claim of the wife, founded in marriage, to support from the husband, after divorce. We cannot regard it as a hard provision, but as a remedial and beneficent statute, for protection of natural claim founded on natural relation. And we shall not confine it to the narrow application contended for, against its spirit and intent, if the language used be fairly susceptible of larger and more liberal construction.

"The estate intended in section 24 must be understood as an estate applicable to the payment of alimony. The words *estate* and *alimony* in the section are not only associated within the rule, *noscitur a sociis*, to be understood in a kindred sense; they are correlatives, dependent one on the other for effect, and should be understood in a corresponding sense. We are not considering division of estate, but alimony proper. The correlative estate must be intended as an estate available to the payment of the correlative alimony. This seems to disregard actual

Nixon v. Nixon.

estate not yielding income, and implies income however accruing, whether from estate proper, or employment of both.

.·   .    .    .    .    .    .    .    .    .    .    .    .    .

"We have therefore no difficulty in holding, on principle and authority, that alimony may always be based on the husband's income, at the time of divorce and afterward." (*Campbell v. Campbell,* 37 Wis. 206, 213, 214, 218, 219.)

The same interpretation of the phrase "the husband's estate" has been thus indicated:

"But while alimony is commonly defined [as] 'a proportion of the husband's estate,' yet the duty of a husband to maintain his wife does not depend alone upon his having visible tangible property. While the parties are living together they are bound to contribute by their several personal exertions to a common fund, which in law is the husband's but from which the wife may claim support. If she is compelled to seek a divorce on account of his misconduct, she loses none of her rights in this respect, only she is to draw her maintenance in a different way; that is under a decree for alimony, based, if he has no property, upon his earnings or ability to earn money." (*Bailey v. Bailey,* 21 Grat. 43, 57.)

A later case in the same jurisdiction is cited in support of the appellant's theory, but it does not purport to modify the earlier declaration, ·and its circumstances were peculiar. (*Cralle v. Cralle,* 79 Va. 182.) There a divorce was granted at the suit of the husband, upon the charge of abandonment, the wife making no appearance, being served by publication. The decree reserved the question of alimony. Two years later the wife, upon a sufficient showing for a vacation of the earlier judgment, asked merely for an allowance for support out of the plaintiff's estate. It was held that such an allowance should be based on the property he owned at the time the divorce was granted, disregarding such as he had since acquired. In the following cases, not referred to in the foregoing citations or notes thereto, the earning capacity of the husband is treated as a matter to be considered in fixing the amount to be allowed as permanent alimony: *Cooper v. Cooper,* 64 Wash. 219; *Olmstead v. Olmstead,* 85 Conn. 478; *Blair v. Blair,* 131 Mo. App. 571; *McAndrews v. McAndrews,* 31 Pa. Super. 252; *Dietrick v. Dietrick,* 88 N. J. Eq. 560.

We regard the prevailing practice by which the husband for whose fault a divorce is granted is required to make provision for the future support of his wife out of the proceeds of his

33—106 KAN.

personal exertions, if he is unable to do so out of the property already accumulated, as in keeping with natural justice and with the spirit and purpose of the statute; and we hold that the language relied upon by the defendant may reasonably be interpreted, and therefore should be interpreted, as consistent therewith.

The appellee contends that the amount allowed her was too small, and asks that it be increased. We find no basis for a claim that the trial court abused its discretion in that respect.

The judgment is affirmed.