No. 27,792.

EDNA M. FLAUTT, *Appellant*, v. CHARLES E. FLAUTT, *Appellee*.

(266 Pac. 746.)

Opinion filed May 5, 1928.

*Charles D. Welch,* of Coffeyville, for the appellant.
*Carl Ackarman,* of Sedan, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover alimony. An award was made, and the only contention made on this appeal is that the award is so inadequate as to indicate an abuse of discretion.

Edna M. Flautt brought the action April 20, 1925, against her husband, Charles E. Flautt, alleging that he had abandoned her, had re-

fused to contribute towards her support and that she was in necessitous circumstances. She alleged that her husband was strong and able-bodied and was earning a salary of $125 per month, but that he had refused to provide for her maintenance. He answered denying generally plaintiff's averments, added that his wife had abandoned him without excuse and had been guilty of extreme cruelty towards him. She replied with a denial of his allegations, and further stated that on June 19, 1924, he had brought an action against her to obtain a divorce upon the grounds of abandonment and extreme cruelty, and that in a trial of that action the court had found and adjudged that his allegations were untrue and refused to grant a divorce. Upon the trial of the present action the court found the issues in favor of the plaintiff. Among other things, it was found that the parties were married on July 30, 1914; that they had lived with the wife's parents in Niotaze until 1921, when they moved to Caney, where the defendant had employment, and lived there in furnished rooms until 1923; that the defendant then requested her to live for a time with her parents in Niotaze, which she did, and from that time until April, 1924, he returned and spent week ends with her. Then on June 19, 1924, he brought the action for divorce that has been mentioned, which was determined against him. After the rendition of that judgment the wife in a letter offered to overlook the past and to live with the defendant as his wife, and also stated that if he declined to do so she would expect him to provide for her support. This offer was ignored and shortly afterwards the present action was brought by her. It was found that she was living with her parents, that her father was 84 years of age and her mother 79, and that their only means of support was a pension received by her father from the United States government; that at the commencement of the action the court had ordered the husband to pay temporary alimony in monthly installments of $25, but that he had defaulted in these payments. The court further found that the plaintiff owned five shares of bank stock of the value of about $500, and that she had about $400 which she had saved from previous earnings. As to defendant's situation, the court found that he was 44 years old, in good health, able-bodied and was then earning $100 per month, and a small additional compensation for services to the Caney fire department. It was further found that since the litigation was commenced defendant had inherited from his mother approximately $3,000. The court found the plaintiff to be without fault and that

the defendant had abandoned her and refused to live with or support her. The judgment of the court was that plaintiff be granted $400 as permanent alimony, and in addition $312.50 which he had been ordered to pay as temporary alimony and had not paid. It was further decreed that defendant pay the costs of the action, including $90 suit money and an attorney's fee for plaintiff of $150; and further, that he set over to plaintiff an amount of the interest he had received from his mother's estate sufficient to meet the alimony awarded to plaintiff or secure the payment of the award by a good and sufficient bond. The plaintiff appeals and insists that the alimony awarded is so inequitable and inadequate as to be an abuse of the discretion vested in the court.

Defendant does not contest the findings of the court that he had abandoned his wife in April, 1924, and had refused to live with her or to contribute towards her support, or that she had been living with her parents who were in straitened circumstances. Neither does he question the finding that the plaintiff was a good housewife and was not guilty of the charges that he had made against her to the effect that she had abandoned him and was guilty of gross neglect of duty. It was expressly found that she was without fault in her marital duties.

Under the circumstances the allowance of $400 as permanent alimony appears to be plainly inequitable and inadequate. She had the bank stock mentioned of the value of $500, and about $400 in money, the result of her savings, but these small amounts were her own separate property in which the defendant had no right. The amount he was required to pay beyond the $400 as permanent alimony, was the $312.50 which was arrears of temporary alimony which he had been ordered to pay for plaintiff's maintenance during the pendency of the action, together with counsel fees of $150 and $90 as suit money. These items of allowance were for the immediate needs of the wife and really added nothing to the permanent alimony awarded. They were charges made necessary by the misconduct and wrong of defendant in the abandonment of his wife and refusal to perform his bounden duty to provide for her support. On the other hand, defendant had $3,000, was a healthy, able-bodied man in middle life, and was then earning $100 per month. The allowance of $400 to the wife out of the $3,000 and his earnings appears to be inequitable. It would appear to be inadequate even if the arrears in

the temporary alimony allowed was treated as permanent alimony. When he pays all the allowances for arrears of temporary alimony, suit money and counsel fees amounting to $552.50, and adding thereto the $400 awarded as permanent alimony, he will have paid only $952.50 out of his estate of $3,000 in money, to say nothing of his earnings of $100 per month. There is no fixed rule for determining what proportion of a husband's estate should be allowed to the wife as alimony, but there are many cases in which one-half of the estate was deemed a proper allowance. (19 C. J. 265.) It has been held by this court that an allowance in excess of the husband's estate may be made, and the allowance made a charge on his future earnings. (*Nixon v. Nixon,* 106 Kan. 510, 188 Pac. 227.) The ground for the allowance is the duty which the law imposes upon the husband to provide for the support of his wife. In determining the amount the court may, among other things, take into consideration the conduct of the parties, their financial situation, the needs of the wife and the earning capacity of the husband, and make such an award as will be just and reasonable. It is true that the amount of the allowance rests largely in the discretion of the trial court, but this discretion is judicial and not arbitrary. It is subject to review and the allowance may be revised and corrected if it appears to be unjust to either party or unreasonable and oppressive. In *Imhoff v. Imhoff,* 112 Kan. 727, 212 Pac. 886, it was held that an allowance made was so disproportionate and inadequate as to require a review and a modification.

In view of the conduct of the defendant, his financial condition and earning capacity, we conclude that the allowance made as permanent alimony was plainly inadequate. It appears to the court that anything less than $900 would be inadequate, that is, plaintiff should have been awarded at least $500 in addition to the $400 awarded as permanent alimony. The allowance made must therefore be set aside. A new trial is directed unless the defendant consents that a judgment be entered awarding plaintiff $900 as permanent alimony, and if so modified the judgment may stand as affirmed.

HUTCHISON, J., dissenting.