No. 31,291

LEWIS LANDERS, *Appellee*, v. MABEL LANDERS, *Appellant*.

(27 P. 2d 231.)

Opinion filed December 9, 1933.

*Owen S. Samuel,* of Emporia, for the appellant.
No appearance was made for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a divorce case. The appeal is from a judgment refusing to allow alimony to a wife who was granted a divorce because of the fault and aggression of her husband.

Plaintiff and defendant were married in 1919 and made their home in Texas and then in Nebraska for about four years, but in 1922 moved to Emporia, where they continued to live until June, 1932, all of which time plaintiff worked as a brakeman for the Atchison, Topeka & Santa Fe Railway Company. They lived in a rented property until the fall of 1930, when the wife received $2,734 as an inheritance from a deceased relative. Of this amount they paid $1,000 on the purchase of a home and $783 for an auto-

mobile, and the balance was used for living expenses. They had no children, but about twelve years ago they took into their home a two-year-old girl to rear as their child. In June, 1932, the wife and girl went to Nebraska for a visit. The husband went to Kansas City, Kan., and instituted this action for divorce, alleging that his wife was a nonresident of the state and was guilty of abandonment, and sought service of process upon her by publication. She learned of the action and filed an answer denying she was at fault, and also filed a cross petition seeking a divorce from plaintiff because of his illicit association with other women. Thereafter plaintiff dismissed his action for divorce and the action was tried on defendant's cross petition, and she called the plaintiff as one of her witnesses. Among other things it was shown at the trial that plaintiff's earnings had averaged about $2,200 a year for the last five years; that plaintiff, at the time of the purchase of the residence, with defendant's money as the first payment, had agreed to make the payments on the mortgage as they came due; that he did so for a few months, then ceased; that the payments were in default and the mortgage subject to foreclosure; that plaintiff had ruined his home by his illicit relations with other women and his failure properly to provide for defendant and the girl they had taken to rear.

The court granted defendant a divorce from plaintiff because of his fault and set over to defendant as her property the automobile, household goods, and the interest of the parties in their Emporia home, and gave her judgment for $50 for her attorney's fees, but refused to allow defendant judgment for any sum as alimony.

Defendant appeals, and contends that the court erred in refusing to allow her any sum as alimony and in not allowing a greater sum for her attorney's fees. Treating the last question first, we note that plaintiff wrongfully brought this suit at Kansas City, Kan., falsely charging defendant with being a nonresident of the state and with having abandoned him for more than a year. When defendant learned of the action it was natural for her to return to Emporia and employ an attorney where she was acquainted. The attorney found it necessary to go to Kansas City, not only for the trial, but for preliminary matters and to take depositions at Emporia. The sum allowed but little more than paid his expenses. A more liberal allowance should have been made, although we would not feel like reversing the judgment for that alone.

Turning now to the principal question in the case. Did the court

err in refusing to allow alimony? Our statute (R. S. 60-1511), so far as here pertinent, reads:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored . . . to all the property . . . owned by her before her marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony as the court shall think reasonable, having due regard to the property which came to him by marriage and the value of his real and personal estate at the time of said divorce; . . ."

Here the wife had from her inheritance, less than two years before her divorce, $2,734, which was made use of by her and her husband for the necessities and comforts of the family. It is true the court gave her all of that which had not been disposed of, but because of plaintiff's derelictions in making payments the mortgage on the home was in default, with the defendant unable financially to prevent foreclosure. At the time of the hearing of the divorce case plaintiff testified that he had no property, and, although he was carried on the rolls of the railway company as an employed brakeman, with more than ten years of seniority of service, at the immediate time of the trial he was not working. His work for more than five years had been reasonably steady and his earnings reasonably uniform at about $2,200 a year. It is clear that his position with the railroad, with his years of seniority and his reasonably steady employment, was his principal financial asset. This the trial court appears to have overlooked. It has been repeatedly held that in the allowance of alimony, when the husband is at fault, future earnings may be taken into account. (*Nixon v. Nixon*, 106 Kan. 510, 188 Pac. 227.) They should have been taken into account in this action. The amount which the court should have allowed as alimony is largely within the discretion of the trial court, and an allowance of alimony by the trial court will not be disturbed in this court unless the circumstances are such as to show an abuse of discretion; but it is not within the discretion of the trial court to refuse to allow alimony in a proper case. Under the facts in this case there should have been a substantial allowance. It was error for the court to allow nothing. (*Metcalf v. Metcalf*, 132 Kan. 535, 296 Pac. 353.)

The judgment of the court below is reversed, with directions to the trial court to render judgment allowing alimony to appellant in a reasonable sum, payable either in gross or in installments, as

the court deems proper. The costs in this court, including the printing of appellant's abstract and brief and $100 for her attorney, are taxed to appellee.

HUTCHISON, J., not sitting.