No. 35,233

BEULAH M. BLACK, *Appellee,* v. GLEN A. BLACK, *Appellant.*

(118 P. 2d 533)

Opinion filed November 8, 1941.

*David Ritchie* and *C. L. Clark,* both of Salina, for the appellant.

*F. C. Norton,* of Salina, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for divorce. The trial court heard the evidence, granted the wife a divorce from defendant because of his cruelty, divided the small amount of property they had between them, and gave the wife an award of alimony in the sum of $3,600, to be paid by defendant at $50 per month. Defendant has appealed, and complains solely of the alimony award.

The parties were married in 1912. They reared three children, who are grown and married, with homes of their own. At some time while they were married plaintiff inherited $500. This was used in buying a radio, making payments on an automobile, buying clothes for the children and other household expenses. Defendant owes his mother about $1,500 upon an indebtedness to her which arose in 1908, evidenced by a note, which has been renewed a few times, upon which he has made some payments without greatly reducing the principal. At the time of the trial the only property the parties owned consisted of their household goods and a used automobile. The court gave the household goods to the wife and the automobile to the husband. The division was about equal as to value.

At the time of the trial plaintiff was 46 years of age and highly nervous. Her health was not good; a condition brought about or

aggravated, in part at least, by defendant's treatment of her. She had been a good mother to their children and a good housekeeper. She was not trained for any employment. Defendant was 51 years of age, in good health, was employed by the International Harvester Company, for which he has worked for 18 years, although he had no seniority rights. His salary was $149.04 per month, and perhaps thirty days in the year he used his own car, for which he received additional pay.

He testified he thought he should not pay his wife anything. On this appeal his counsel do not take that view. Under our statute (G. S. 1935, 60-1511) faithful performance of the marriage obligation on the part of the wife entitles her to alimony (*Hendricks v. Hendricks*, 136 Kan. 69, 71, 12 P. 2d 804), and in a proper case alimony may be allowed, to be paid by the husband out of future earnings. (*Nixon v. Nixon*, 106 Kan. 510, 188 Pac. 277; *Newton v. Newton*, 127 Kan. 624, 274 Pac. 247; *Landers v. Landers*, 138 Kan. 538, 27 P. 2d 231.)

Appellant's sole contention is that the amount allowed is excessive, and suggests that an allowance of $1,100 would have been ample. Counsel correctly argue that in making the allowance the court must be governed by a sound judicial discretion, and cite definitions of that term. It is not pointed out, however, how or in what respect the judicial discretion of the court was not exercised, or was abused in this case. The trial court saw the parties and heard them and other witnesses testify and was in much better position to pass upon this matter than we are. We see nothing in the record which requires or would justify us in reducing the award.

The judgment of the trial court is affirmed.