No. 36,992

DELLA E. WALNO, *Appellant,* v. RODNEY WALNO, *Appellee.*

(192 P. 2d 165)

Opinion filed April 10, 1948.

*Charles A. Walsh,* of Concordia, and *W. M. Beall,* of Clay Center, argued the cause, and were on the briefs for the appellant.

*Charles L. Hunt,* of Concordia, argued the cause, and *Frank C. Baldwin,* of Concordia, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Plaintiff commenced an action against her husband, charging him with gross neglect of duty and extreme cruelty and praying for a decree of separate maintenance, and that certain property be set off to her. The husband answered and filed a cross petition in which he charged his wife with extreme cruelty and gross neglect of duty, and asked for a divorce. Later plaintiff was permitted to amend her petition and ask for a divorce. As the result of a trial the court found that the parties had been in equal wrong but that upon consideration of the evidence, the parties, the conditions and circumstances surrounding them, and the nature of the property involved and the manner in which it was acquired, it was to the best interests of the parties that they be divorced and that their property rights be settled, and it rendered judgment accordingly. Plaintiff's motion for a new trial was denied and in due time she perfected her appeal to this court where the only matters presented are that the trial court erred in ruling on the admission of evidence respecting negotiations for a property settlement between the parties, and in the division of the property.

Appellant has filed an abstract containing about eighty pages devoted to evidence adduced at the trial and appellee has filed a counter-abstract containing about twenty pages of evidence. We can discern no purpose to be served in reviewing this testimony in detail. In a general way it may be said the evidence disclosed that the parties were married in 1916 and started their married life on a farm owned by the husband's father. Both were apparently hard working people but were improvident in taking care of their financial affairs, and in 1942 the couple were indebted to various creditors. In 1942 the father died, leaving a will in which he devised the farm, then free of encumbrance, to his son. Without noticing intervening matters, in 1945 the farm was mortgaged for $7,000 which was used to pay creditors. In 1945 they had a sale of the farm machinery and equipment and moved to the city of Concordia, where they purchased a large residence property, title being taken in the wife's name. In this transaction the down payment was made with proceeds of the farm sale and a mortgage of about $1,200 was given for the balance. Later a vacant lot was purchased, the price being raised by increasing the last-mentioned mortgage to $1,900. The residence property was remodeled and equipped so that it could be

and was used as a rooming house. When the instant action was commenced, the wife procured an order restraining her husband from selling any of his personal property. Later he was permitted to sell some property for $1,379.65, that amount being impounded with the clerk of the court. We shall not detail evidence of the wife's claimed earnings from poultry nor her husband's version about the matter, nor the husband's claims of his wife's extravagent expenditures, nor her version of that. At the time the court rendered judgment there were some public utility bills due for service at the residence in Concordia, and possibly some other bills. The husband, in addition to the mortgage indebtedness, was indebted to a bank and other creditors in the sum of about $1,400.

The record discloses that judgment was rendered on April 25, 1947. The abstract includes "Trial Notes and Memorandum Opinion" bearing date of April 25, 1947, but does not disclose that it was filed or is any part of the record. In view of appellant's argument, later to be mentioned, we note that the document outlines the judgment as subsequently embodied in the journal entry, and concludes, in part, that as part explanation of the division of the property, the giving to the defendant of a larger part of the assets and property was justified by the fact that a considerable part thereof was an inheritance by him from his father. It may be noted that the trial court did not fix any values of the property but did indicate a division of approximately one-third to plaintiff and two-thirds to defendant.

The journal entry of judgment, insofar as division of property is concerned, provided that the costs should be paid out of the impounded funds ($1,379.65); that the plaintiff should have the Concordia residence, title to which was in her name, subject to the mortgage encumbrance, and all of the household goods and furniture therein, the vacant lot, title to which was in the defendant, all the cash in her hands and all notes payable to her and in her possession. The defendant was given the automobile in his possession and the farm he received from his father, subject to the mortgage, as well as personal property in his possession. It was further provided that the impounded funds of $1,379.65 were charged with costs, one-half of the remainder to the plaintiff, $350 to her attorney, the balance to defendant. Plaintiff was charged with utility and other bills incurred by her, and defendant was charged with the farm indebtedness and certain personal accounts totaling about

$1,400 and mentioned above. Plaintiff was also awarded a judgment of $1,000 against the defendant, the judgment being made a lien on the farm.

Appellant first contends that the trial court erred in rejecting proffered testimony that the parties had been negotiating with each other for a settlement of their property rights, and that the basis of the negotiation was that there was to be an equal division. She concedes that a mere offer of compromise of a matter in litigation is not admissible in evidence unless there is an admission of fact, and she argues that the rule of exclusion does not apply where the negotiations proceed upon the assumption that something is due and the only question involved is the question of amount, citing as authority 22 C. J. 313 and 20 Am. Jur. 478. The plaintiff's testimony on the matter received on hearing of the motion for a new trial, discloses that all that transpired occurred before the action was commenced by her. Summarized, plaintiff's version was that they were negotiating for a settlement and that the general basis was that the property would be divided equally and on that basis she was to get the house and furnishings in Concordia, the vacant lot in Concordia, half the farm crops after expenses were paid, half the farm, and that she was to pay defendant $350 for his share of the automobile and that the negotiations broke down because she would not agree that he was to collect the farm rents, pay taxes and expenses and then divide with her. It was to be a compromise and settlement if made her way, otherwise not. We cannot construe this testimony as being an admission by the appellee of any fact—at most it seems that appellee was attempting to buy his peace. See *Moore v. Connelly,* 119 Kan. 35, 237 Pac. 900. The trial court did not err in rejecting the evidence.

Appellant also contends the trial court abused its discretion in the division made of the property, and directs our attention to four of our decisions.

In *Imhoff v. Imhoff,* 112 Kan. 727, 212 Pac. 886, it was held that alimony allowed to a wife where the divorce was granted for the husband's fault should be based on the necessities of the wife and the ability of the husband to pay, and an award of $300 alimony where the husband's property was worth $6,000 to $8,000 and the wife's was $1,000 to $1,500 was inadequate, and this court modified the award to give her $1,000. In that opinion reference is made to *Johnson v. Johnson,* 66 Kan. 546, 72 Pac. 267, where it was said that

no little latitude is allowed to the court in making its decree, and to *Miller v. Miller,* 97 Kan. 704, 156 Pac. 695, where it was said that before a judgment for alimony will be reversed it must appear from all the circumstances that the trial court abused its discretion.

In *Flautt v. Flautt,* 126 Kan. 21, 266 Pac. 746, it was held that allowance of alimony rests largely in the discretion of the trial court, but it is a judicial discretion, the allowance is subject to review, and if under the circumstances of the particular case it is clearly unreasonable, unjust and inadequate, it is to be corrected. Plaintiff was found to be without fault. In the course of the opinion it was said:

"There is no fixed rule for determining what proportion of a husband's estate should be allowed to the wife as alimony, but there are many cases in which one-half of the estate was deemed a proper allowance. (19 C. J. 265.)" (1. c. 24.)

Without detailing the facts, it was held that an allowance of $400 as alimony where the husband was worth $3,000 and was earning $100 a month was inadequate. This court increased the amount to $900. It is noted that the allowance made by this court was less than one-third and not one-half of the husband's estate.

In *Newton v. Newton,* 127 Kan. 624, 274 Pac. 247, the court held that the trial court has a wide discretion in the allowance of alimony, and the exercise of that discretion, unless clearly abused, will not be disturbed on appeal. There the trial court found the husband at fault and allowed permanent alimony of $15,000 which was more than one-fourth of defendant's worth. Appellant's contention the trial court abused its discretion was denied.

In *Mann v. Mann,* 136 Kan. 331, 15 P. 2d 478, the court followed the rule that the allowance for alimony or division of property rests largely in the discretion of the trial court, but that where the discretion is arbitrary and not judicial and the judgment is inequitable it will be set aside. The divorce was granted the wife for the fault of the husband. Although that opinion discloses evidence of other values, on the basis of appellee's testimony of his worth, it was held that an allowance of $9,150 out of the husband's property worth $30,250 was inadequate. In that case it was said:

"While the division of the property· is largely in the discretion of the court such discretion cannot be used arbitrarily. There is no rule of law for determining what proportion of the husband's estate should be set apart to the wife, but this court has suggested that there are many cases in which one-half of the estate would be a proper allowance. (*Flautt v. Flautt,* supra.) It is the

duty of the court, in determining the amount to be allowed the wife, to take into consideration the conduct of the parties, the needs of the wife, the earning capacity of the husband, the amount of property owned by the parties and how and when it was acquired. When this rule is applied to the evidence disclosed in the record we are brought to the conclusion that the trial court abused the discretion vested in it by statute, and that the court should make a more substantial allowance to the appellant." (l. c. 334.)

In that case a new trial was ordered and we are not advised as to how much the allowance may have been increased.

Relying upon the statement in the Flautt and Mann cases, *supra*, that there are many cases in which it has been held that one-half of the husband's estate would be a proper allowance of alimony or division of property, appellant argues that this suggestion of the court is in full accord with the popular conception of the rights as between spouses, and, in effect, that the trial court erred in not allowing the wife one-half of the husband's property. If that were an unvarying standard, there would be no room for exercise of discretion by the trial court. In making the argument appellant overlooks the fact that in each case relied upon by her the divorce was granted by reason of the fault of the husband, while in the instant case the trial court found the parties to be in equal wrong. The Mann case, *supra*, makes it clear that the trial court is to take into consideration the conduct of the parties, the needs of the wife, the earning capacity of the husband, the amount of property and *how and when it was acquired.* We cannot agree with appellant's contention that the trial court entertained the view that it could not take into consideration the farm which appellee received from his father. The record discloses two things—the trial court did invade this property by awarding appellant a judgment for $1,000 and made the judgment a lien on the farm—the trial court did take into consideration, among other things requisite, the amount of the property and how and when it was acquired. It has previously been noted that the trial court placed no values on the various items of property, but did indicate a general division of one-third and two-thirds. The evidence would support a finding that appellant received property that had a net value of approximately $10,000, and that appellee received property that had a net value of approximately $17,000, in addition to which he was charged with unsecured debts of about $1,400.

It is a well-settled rule that a division of property made by the trial court in a divorce suit will not be disturbed unless it is clearly

shown that there was an abuse of discretion. See, *e. g.*, *Gates v. Gates*, 160 Kan. 428, 437, 163 P. 2d 395, and cases cited.

A careful consideration of the entire record leads us to the conclusion that the appellant has not made it appear that the trial court abused its discretion in making division of the property and its judgment is affirmed.