No. 37,707

Katherine M. Carlat, *Appellee,* v. Louis R. Carlat, *Appellant*

(215 P. 2d 200)

Opinion filed February 28, 1950.

*Edward Curry,* of Topeka, argued the cause, and was on the briefs for the appellant.

*Jacob A. Dickinson,* of Topeka, argued the cause, and *Edward Rooney* and *David Prager,* both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J: This was an action by a wife against her husband for divorce, custody of their minor child, division of property and other relief ordinarily involved in such a proceeding. The trial court heard the evidence, granted the plaintiff a divorce upon grounds of gross neglect of duty and extreme cruelty, divided the small amount of property owned by the parties between them, gave the wife custody of the minor son with the understanding. he was to remain in the physical custody of the plaintiff's sister until further orders, directed the defendant to pay $50 per month for the child's support, awarded the plaintiff alimony in the sum of $10,000 to be paid by the defendant at the rate of $100 per month, allowed attorney fees, and decreed that defendant pay all costs of the action. Defendant appealed from the judgment in its entirety and when the case reached this court charged, by his specification of errors, that all phases of the judgment were erroneous. Later he receded from that position and abandoned every error specified except one charging the trial court with abuse of judicial discretion in the making of its alimony award.

The parties were married on November 11, 1939, and lived together as husband and wife until February 28, 1948, the date on which the action was commenced. They have one child, a son, who was seven years of age when they separated. At the time of their marriage neither party had any property nor any particular training in any trade or business. The plaintiff was subject to epileptic attacks and defendant had full knowledge of that fact.

The divorce feature of the trial, with which we are no longer concerned in view of the limited appellate issue, was hotly contested. As much cannot be said for the testimony on which the trial court was required to base its judgment in determining the amount of the alimony award. The defendant failed to testify, either in person or by deposition, and a review of the evidence offered in support of his cause discloses nothing tending to throw light on his ability to pay alimony. In fact, the only pertinent evidence before the trial court on that subject was adduced by the plaintiff. It can be briefly summarized as follows: At the time of the trial plaintiff was thirty years of age, without funds, and unable to hold steady employment because still afflicted with epilepsy. Her seizures had increased in severity and frequency as the years progressed. So long as she remains in that condition, and it appears that no one can definitely predict whether she will ever improve, and if so when, she will require medicine, medical care and perhaps hospitalization. Defendant was thirty-two years of age, in good health, and employed by J. F. Pritchard and Company of Kansas City, Mo., for whom he had been working for about three years as a construction superintendent at a salary of at least $425 to $450 per month and expenses. Plaintiff testified defendant was working in Panama on the date of the trial, that his salary had been increased, and that he was then making approximately $500 or more per month. Defendant did not see fit to contradict her testimony. Defendant spent very little time at home during the three years preceding the filing of the action. During that period he contributed not to exceed $20 per week in cash for the support of his wife and child and paid house rent amounting to $34.50 per month. The tangible personal property owned by the parties, and known to the plaintiff, consisted of household effects and a 1936 Ford automobile. They owed approximately $300 in outstanding bills, incurred for the most part for medicines and medical treatment of plaintiff. The trial court gave the household goods to the wife, the automobile to the husband and directed that the latter pay the outstanding bills of the parties.

The sole question appellant now presents for review, as we have heretofore indicated, is that under the facts and circumstances heretofore related the alimony award is excessive and therefore subject to revision on appeal. He concedes, as well he may, a trial court has wide discretion in the allowance of alimony in a divorce proceeding and that on appeal its action with respect thereto will not be set aside or disturbed unless there is a clear showing that discretion has been abused. For just a few of our decisions announcing this well-established rule see *Walno v. Walno,* 164 Kan. 620, 192 P. 2d 165; *Wittig v. Wittig,* 151 Kan. 440, 442, 99 P. 2d 750; *Rumsey v. Rumsey,* 150 Kan. 49, 90 P. 2d 1093; *Mann v. Mann,* 136 Kan. 331, 334, 15 P. 2d 478; *Newton v. Newton,* 127 Kan. 624, 274 Pac. 247; *Miller v. Miller,* 97 Kan. 704, 156 Pac. 695. Many other cases to the same effect will be found in West's Kansas Digest, Divorce, §§ 235, 286, and Hatcher's Kansas Digest, Divorce, §§ 50, 83. Conceding arguendo the force and effect of such rule he correctly argues (see *Walno v. Walno,* supra; *Mann v. Mann,* supra; *Flautt v. Flautt,* 126 Kan. 21, 266 Pac. 746; *Snowden v. Snowden,* 160 Kan. 291, 297, 160 P. 2d 653; *Stanton v. Stanton,* 166 Kan. 386, 388, 201 P. 2d 1076) the discretion vested in the trial court is a judicial discretion which is subject to review and will be corrected on appeal if under the facts of the particular case involved it appears the award is clearly unreasonable, unjust or oppressive.

There is no hard and fast rule in this jurisdiction for determining the amount of an alimony award where a wife is granted a divorce for the fault of her husband. Generally speaking it can be said to depend upon the facts disclosed by the evidence in the particular case involved. However, it is true we have repeatedly held that in fixing its amount a trial court is required to take into consideration the conduct of the parties, the needs of the wife, the earning capacity of the husband, the amount of property owned by the parties and, under certain conditions not here involved, how and when that property was acquired. (See *Francis v. Francis,* 108 Kan. 220, 194 Pac. 641; *Flautt v. Flautt,* 126 Kan. 21, 24, 266 Pac. 746; *Mann v. Mann,* 136 Kan. 331, 334, 15 P. 2d 478; *Black v. Black,* 154 Kan. 314, 118 P. 2d 533; *Walno v. Walno,* 164 Kan. 620, 624, 192 P. 2d 165.) It may also take into account future earnings of the husband. (*Watts v. Watts,* 158 Kan. 59, 66, 145 P. 2d 128; *Blair v. Blair,* 149 Kan. 3, 8, 85 P. 2d 1004; *Landers v. Landers,* 138 Kan. 538, 27 P. 2d 231; *Flautt v. Flautt,* supra; *Francis v.*

*Francis,* supra; *Nixon v. Nixon,* 106 Kan. 510, 188 Pac. 227; West's Kansas Digest, Divorce, § 231; Hatcher's Kansas Digest, Divorce, § 51.)

Appellant's principal complaint with respect to the judgment seems to be that the trial court did not give all matters comprehended by the foregoing rule proper consideration. He first asserts it failed to consider the possibility of appellee's re-marriage or death in fixing the amount of the judgment. Next he insists that it gave insufficient weight to the fact appellant might become incapacitated for work or his earnings decreased in the future and placed too little emphasis on the possibility of appellee's being able to rehabilitate herself within the eight years and four months in which the alimony payments were to be made. The over-all answer to each of these contentions is that the trial court is presumed to have given all matters of which appellant complains proper consideration and that he has wholly failed to clearly estabish that it did not do so. But that is not all. A review of the evidence presented discloses appellee was an epileptic, thirty years of age who, under our statute G. S. 1935, 23-120, could not legally remarry until she was forty-five years old, that her life expectancy was far more than ten years and that it was improbable her physical condition would improve in that time. It also reveals appellant was an able-bodied man, thirty-two years of age, that his earnings had been increasing as the years went by, and that no attempt was made to establish there was anything wrong with him which might reasonably be expected to result in incapacity or a decrease in earning power. Under such conditions it cannot be said the court abused its discretion in requiring the appellant to pay alimony for the period of time required by the judgment.

There remains only the question whether the amount of the award was excessive. In support of his position on that point appellant cites a number of our decisions where alimony judgments were modified by this court. A lengthy analysis of the cases on which he relies would merely encumber this opinion. It suffices to say they have been examined and that no one of them reveals a factual situation such as is here involved. He insists no decision can be found in our reports which involves similar facts and circumstances and supports the instant award. We do not agree. The facts in *Black v. Black,* 154 Kan. 314, 118 P. 2d 533, refute his contention. There the needs of the wife were no

greater than here and the parties had accumulated no property. The husband was fifty-one years of age, in good health, was employed by a reputable concern and was earning a salary of $149.04 per month. We held that an award of $3,600 to be paid by the defendant at $50 per month disclosed no abuse of judicial discretion by the trial court. Comparative reasoning compels the conclusion such decision is a sound precedent for approval of the instant judgment.

We fail to find anything in the record or in the arguments advanced by appellant which requires or would justify us in holding the trial court was guilty of abuse of discretion in the rendition of the award.

The judgment is therefore affirmed.