No. 38,799

Viola E. Krueger, *Appellee,* v. Leo W. Krueger, *Appellant.*

(255 P. 2d 621)

Opinion filed April 11, 1953.

*Paul H. Ditzen,* of Kansas City, argued the cause and was on the briefs for the appellant.

*John W. Breyfogle, Jr.,* of Olathe, and *Fred Bellemere,* of Kansas City, Mo., were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action for divorce, custody, control of and support money for an infant daughter and for alimony and division of property.

Plaintiff was granted a divorce from her husband by reason of gross neglect of duty and extreme cruelty. She was awarded custody of an infant daughter, born February 19, 1951, with right of visitation to defendant. The court made an order for the support of the child by defendant. Its order for alimony and division of property was as follows:

"4. The court finds that the plaintiff owned at the time of said marriage or acquired with her own funds during said marriage the silverware, 234 shares of stock in Dye Candy Company, 48 shares of stock in Dye Nut Company, a $2,500 note of Dye Candy Company and a partnership interest in an invention for which plaintiff paid the sum of $1,980 and that plaintiff is entitled to have all of the aforesaid items of property set over to her as her sole and separate property.

"5. The court further finds that the plaintiff made the original $3,400 down payment on the residence property purchased by the parties at 4211 W. 53rd Terrace, Johnson County, Kansas, and that such payment was made from funds owned by the plaintiff prior to said marriage.

"6. The court finds that plaintiff is entitled to receive the residence property legally described as follows, to wit:

"Lot Twenty-one (21), Shawnee Hills, a subdivision in Johnson County, Kansas,

subject to the existing mortgage thereon, the furniture, household goods and furnishings within said dwelling, a certain Ford automobile now in her possession and registered in her name and a judgment against the defendant in the amount of $60 for tires sold by him, all of the aforegoing to be in full settlement of division of property and permanent alimony rights of the plaintiff.

"7. The court finds that the defendant is entitled to receive his personal effects, guns, Ford Victoria automobile now in his possession and that he shall not be required to account for the $500 withdrawn from plaintiff and defendant's bank account immediately after the filing of plaintiff's petition."

Defendant has appealed from the judgment and all adverse orders. In fairness to counsel for appellant it probably should be stated he did not represent appellant at the trial.

Appellant's first contention is the evidence did not warrant the granting of a divorce to appellee. The civil code provides a new trial may be granted for the reason, "That the verdict, report or decision is in whole or in part contrary to the evidence." (G. S. 1949, 60-3001, *Fourth.*)

Appellant filed no motion for a new trial. It, however, is particularly stressed that the evidence does not sustain such decree on the ground of gross neglect of duty. Appellee argues that absent a motion for new trial appellant is not entitled to a review of the evidence, citing *Holton v. Holton,* 172 Kan. 681, 683, 243 P. 2d 222, and other cases. Appellant's first assignment of error could not be sustained even though he had filed such a motion. The record contains ample evidence to support the finding of extreme cruelty. We need not pursue the contention touching the other ground.

We come now to the second contention the court erred in its judgment for alimony and division of property. The contention is a larger money judgment should have been awarded to appellant. In the court's judgment it awarded appellee, to whom the divorce was granted by reason of appellant's fault, such property as remained which appellee had acquired in her own right prior to and after the marriage and made a division of the small amount of property acquired jointly during the marriage. The decree was in conformity with the provisions of G. S. 1949, 60-1511.

There is no hard and fast rule in this jurisdiction for determining the amount of an alimony award where a wife is granted a divorce for the fault of her husband. Generally speaking, it can be said the judgment is dependent upon the facts disclosed by the evidence in the particular case involved. (*Carlat v. Carlat,* 168 Kan. 600, 602, 215 P. 2d 200.) As to a division of property, in such a case, the court is required to set off to the wife all property, lands, tenements, hereditaments owned by her before her marriage or acquired by her in her own right after such marriage, and not previously disposed of. The wife also must be awarded such alimony as the court shall think reasonable, having due regard to the property which came to the husband by marriage and the value of his real and personal estate at the time of divorce. Alimony may be allowed to her in real or personal property, or both, or in money as the court may deem just and equitable. (G. S. 1949, 60-1511.) The

judgment will not be disturbed absent an abuse of the court's discretionary power. (*Stanton v. Stanton,* 166 Kan. 386, 389, 201 P. 2d 1076; *Carlat v. Carlat,* supra, and cases therein cited.)

Appellant complains of the provision pertaining to visitation of the child. We need not labor the point. In view of the tender age of the child and the unpleasant and quarrelsome relations which continued to exist between the parties during previous visits appellant's complaint cannot be sustained. Nor was this order presented to the trial court for correction in any respect. The trial court retains jurisdiction of this subject and may alter its order as future facts require in fairness to the parents and the best interests of the child.

Appellant accuses the trial court of prejudice and calls attention to certain other alleged irregularities in the proceedings. None of these was directed to the trial court's attention by a motion for new trial or, for that matter, in any other posttrial proceeding. Failure to do so precludes appellate review of such complaints. (*Emporia Wholesale Coffee Co. v. Rehrig,* 173 Kan. 841, 252 P. 2d 590.) Moreover none of the alleged irregularities prejudiced appellant's substantial rights. Under such circumstances the judgment would not be reversed if the complaints had been made reviewable. (*Crumley v. Weiner,* 150 Kan. 427, 429, 94 P. 2d 307.)

The judgment must be affirmed. It is so ordered.