No. 39,994

JAMES R. GRIMES, *Appellee,* v. CAROL A. GRIMES, *Appellant.*

(295 P. 2d 646)

Opinion filed April 7, 1956.

*Laurance R. Mulliken,* of Columbus, argued the cause, and was on the briefs for the appellant.

*Paul Armstrong,* of Columbus, argued the cause, and *Leo Armstrong,* of Columbus, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for divorce. This appeal concerns only that portion of the decree relating to alimony and child support.

Appellee James R. Grimes will be hereinafter referred to as plaintiff, and appellant Carol A. Grimes as defendant.

The pertinent facts may be briefly stated: Plaintiff was twenty-six, and the defendant sixteen years of age. They were married August 11, 1954, at which time defendant was pregnant. Preceding the marriage and on July 31, plaintiff entered into a written contract with defendant's parents, by the terms of which plaintiff agreed to marry the defendant so that the child might be born in wedlock, and to pay the medical and hospital expenses in connection with the anticipated birth of the child. Defendant's parents were to continue to provide the necessities of life for their daughter after the marriage, and plaintiff would not be obligated to pay any additional sums thereafter. It was further agreed between plaintiff and the parents of defendant that when a divorce was subsequently granted, defendant was to have custody of the anticipated child, and defendant's parents agreed to assume full support and financial responsibility of the child, thereby relieving plaintiff of any legal obligation for the support of the child at any future time. The child was born November 30, and on January 12 following, plaintiff filed this action for a divorce on the ground of extreme cruelty and gross neglect of duty. Defendant filed her answer denying the charges and, by way of cross petition, alleged the residence of the parties, the marriage, and the birth of the daughter; that plaintiff was guilty of extreme cruelty and gross neglect of duty; that no property had been accumulated by their joint efforts; that plaintiff was a young, strong, able-bodied man capable of earning $100 per week, and that defendant had no means of income of her own and was wholly dependent upon plaintiff for support of herself and minor child. She asked for a divorce, alimony, custody of the minor child, and

child support. At the trial, plaintiff waived the introduction of evidence in support of his petition, and the trial proceeded upon the cross petition of defendant.

Inasmuch as no question is raised relative to the validity of that part of the judgment granting a divorce to defendant, the evidence supporting that portion will be omitted. In brief, the record discloses that plaintiff was twenty-six years of age, regularly employed at a salary of $54 per week. Plaintiff was seventeen years of age at the time of the trial, owned no property, was unemployed and had no prospects of a job by reason of her age and not having completed high school, and she had no means of supporting herself or the child, with the exception of help from her father. On cross-examination of defendant's witnesses, the contract entered into between plaintiff and defendant's parents was identified and, over the objection of defendant, introduced in evidence.

At the conclusion of the trial, the court found plaintiff guilty of gross neglect of duty and granted a divorce to defendant, and that the written agreement entered into between plaintiff and the parents of defendant was neither approved nor disapproved, but was considered by the court in determining the question of alimony and child support. The court found that the child, Cynthia Jo Grimes, was born in wedlock, and the question of her paternity was not an issue in the case. The court ordered plaintiff to pay the medical and hospital bills incident to the birth of the child, and specifically denied any alimony to defendant and, further, that no order for child support should be made at the time of the granting of the decree.

Defendant filed her motion for a new trial, contending the court erred (1) in the admission into evidence the written agreement between plaintiff and defendant's parents; (2) in considering the agreement in determining the question of alimony and child support; (3) in refusing to grant child support, and (4) in refusing to grant defendant alimony. There is merit to defendant's contention that the court erred in admitting the written agreement into evidence, and in considering such agreement in determining the question of alimony and child support. The contract was between plaintiff and defendant's parents. Defendant did not sign it, nor was she a party to it, and neither she nor the child could be bound by it. Plaintiff could not relieve himself of his common law or statutory obligation to support his child by entering into an agreement with

a third person to assume that responsibility. (39 Am. Jur. 652, § 42; 17 Am. Jur. 516, § 682; 27 C. J. S. 1207, § 319g.)

It is beyond the power of a father to deprive the court by private agreement of its right to make provisions for the support of the minor children, as the children's welfare requires. The support of children, like their custody, is a matter of social concern. It is an obligation the father owes to the state as well as to his children. He has no right to permit them to become a public charge. (Separation Agreements and Ante-Nuptial Contracts, Part Two [Rev. Ed.], Lindey, page 257, § 15.)

In *Doughty v. Engler*, 112 Kan. 583, 584, 211 Pac. 619, we said:

. . . . . . . . . . . . . .

"By the great weight of judicial opinion in this country parents are under a legal duty, regardless of any statute, to maintain their legitimate minor children (20 R. C. L. 622), the obligation being sometimes spoken of as one under the common law and sometimes as a matter of natural right and justice, and often accepted as a matter of course without the assignment of any reason. Chancellor Kent says: 'The wants and weaknesses of children render it necessary that some person maintain them, and the voice of nature has pointed out the parent as the most fit and proper person. The laws and customs of all nations have enforced this plain precept of universal law.' (2 Kent's Commentaries *189.) Blackstone begins his discussion of the duties of parents to legitimate children thus:

" 'The duty of parents to provide for the *maintenance* of their children, is a principle of natural law; an obligation, says Puffendorf, laid on them not only by nature herself, but by their own proper act, in bringing them into the world; for they would be in the highest manner injurious to their issue, if they only gave their children life that they might afterwards see them perish. By begetting them therefore, they have entered into a voluntary obligation, to endeavor, as far as in them lies, that the life which they have bestowed shall be supported and preserved. And thus the children will have a perfect *right* of receiving maintenance from their parents.' (1 Blackstone's Commentaries, 447.)"

The right of the child to support from its father is a chose in action which belongs to the child. (*Myers v. Anderson*, 145 Kan. 775, 67 P. 2d 542.) The trial court was in error in admitting in evidence the purported contract and agreement, and in considering it in determining the question of child support.

It is next contended by defendant that the court erred in failing to make provisions for the support of the minor child. The court found the child was born in wedlock. The law requires when a divorce is granted, the trial court to make provisions for the support of minor children. G. S. 1955 Supp., 60-1510, reads:

"When a divorce is granted the court *shall* make provision for the guardianship, custody, support and education of the minor children of the marriage, and, . . . may modify or change any order in this respect whenever circumstances render such change proper." (Italics supplied.)

The judgment of the trial court made no such provision. The statute is mandatory. Under the provisions of the mentioned statute, the trial court when granting a divorce is required to make not only an order concerning the custody of the minor children, but provision for their support. (*Anderson v. Anderson,* 167 Kan. 494, 207 P. 2d 453; *Sharp v. Sharp,* 154 Kan. 175, 117 P. 2d 561.)

The record discloses that plaintiff was twenty-six years of age and regularly employed, and that defendant was but seventeen at the time of the divorce, and on account of her age was unable to secure employment. She had not finished high school. She had no money or property with which to support herself or the child, except such contributions as came from her parents. We need not labor the evidence bearing on this question. The trial court, in determining the nature of the support order to be made for the child, may properly take into consideration all the facts and circumstances in the case. Just what that order should be in view of all the circumstances is not a question before us. Our present concern is with the mandatory provision of the law which requires the trial court to make an order for the support of the children when a divorce is granted, and the court erred in failing to make such provision.

Did the trial court err in refusing to allow defendant alimony? G. S. 1949, 60-1511, provides in pertinent part:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall . . . be allowed such alimony as the court shall think reasonable, . . ."

There is no hard and fast rule in this jurisdiction for determining the amount of an alimony award where a wife is granted a divorce for the fault of her husband. Generally speaking, it can be said the judgment is dependent upon the facts disclosed by the evidence in the particular case involved. We have repeatedly held that in fixing the amount, the trial court is required to take into consideration the conduct of the parties, the needs of the wife, the present and future earning capacity of the husband, the amount of property owned by the parties and, under certain conditions not here involved, how and when that property was acquired, and all other

facts and circumstances disclosed by the evidence. The wife must be awarded such alimony as the court shall think reasonable, and it may be allowed to her in real or personal property, or both, or in money as the court may deem just and equitable. (*Krueger v. Krueger,* 174 Kan. 249, 255 P. 2d 621; *Carlat v. Carlat,* 168 Kan. 600, 602, 215 P. 2d 200, and cases cited.) Inasmuch as the plaintiff was apparently an able-bodied man, regularly employed, and defendant being a very young girl with a limited education, without employment or property, it was incumbent upon the court, under the mentioned statute, to make a just provision for permanent alimony when the divorce was granted and, under the facts in the instant case, it was error for the trial court to allow defendant nothing. (*Hardesty v. Hardesty,* 115 Kan. 192, 222 Pac. 102; *Landers v. Landers,* 138 Kan. 538, 540, 27 P. 2d 231.)

The judgment of the trial court is reversed with directions to render judgment making provision for the support of the minor child, in accordance with G. S. 1955 Supp., 60-1510, and to enter judgment allowing alimony to defendant in a reasonable sum, payable either in gross or in installments as the court may deem proper, in accordance with G. S. 1949, 60-1511.

It is so ordered.