No. 37,861

JOHN M. DORMAN, *Appellant,* v. GEORGENA A. DORMAN, *Appellee.*

(218 P. 2d 189)

Opinion filed May 6, 1950.

*W. B. Crowther,* of Salina, argued the cause, and *Morris Johnson,* of Salina, was with him on the briefs for the appellant.

*F. C. Norton,* of Salina, and *H. L. Smither,* of Salina, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for a divorce. Judgment was entered granting the plaintiff husband a divorce and decreeing a division of property. The plaintiff has appealed from that part of the judgment relating to division of the property.

The plaintiff husband commenced the action by filing his petition, in which he charged the defendant with extreme cruelty and gross neglect of duty. He alleged the marriage in 1929; that through his own efforts he had accumulated 200 acres of land during his married life, together with farming equipment and household goods; that he had paid defendant $5,500 as a partial division of property and given her out of the home, household equipment worth $175, an automobile and such was more than her fair share of the property.

He prayed for a divorce and that he be adjudged to own all the property he then had.

Defendant filed her answer and cross petition denying the allegations of the petition, charging plaintiff with gross neglect of duty and extreme cruelty, asking for a divorce and an equitable division of property.

The answer and reply of plaintiff was a general denial. She asked for and received $500 for support and $150 for her attorneys. The action was set for trial on January 19, 1949, and upon January 18 was continued on the motion of defendant on condition that she pay all the costs to that date. It was tried in March, 1949.

Both parties filed requests for findings of fact and conclusions of law. Plaintiff requested a conclusion of law that he was entitled to a divorce and to all the property then in his possession except the piano in his home. At that time he was in possession of 200 acres of land and the farming equipment, livestock and household goods. The defendant requested findings and conclusions granting her a divorce, giving her the money and property she then had and asking that the property be divided equally. She also asked $5,000 alimony and additional attorney fees. On June 11 the trial court filed its findings of fact and conclusions of law.

In its findings the court found in substance that the couple were married on September 17, 1929, and had no children; that they had acquired a quarter section in Ottawa county worth $8,000, also forty acres in Saline county worth $9,500, in addition a cemetery lot, value not stated, and that plaintiff owned farming machinery worth $2,605, an automobile worth $1,110, a pickup truck, valued at $1,200, and thirty calves valued at $1,800; that the motor vehicles and livestock were acquired by plaintiff subsequent to the separation of the parties and subsequent to the institution by defendant of an earlier divorce action, which later was dismissed.

The trial court then found defendant to be guilty of various acts of extreme cruelty and gross neglect of duty, which we do not deem it necessary or seemly to set out in detail in this opinion except that among them was a refusal to bear children. The court further found that the parties purchased a 40-acre tract in Saline county in 1940 and began residing on it immediately; that the house on this tract was improved with plumbing and bathroom and was wired for electricity; that in 1946 plaintiff and defendant divided $6,000 between them, each receiving $3,000, and defendant had retained her portion thereof. The court then found that in 1947 defendant separated from plaintiff without fault on his part; sued him for a divorce upon

the ground of extreme cruelty and gross neglect of duty; that a written property settlement was entered into whereby in the event a divorce was granted she was to receive the quarter section and $5,000; that $2,500 was actually paid her at that time; that shortly after receiving the $2,500 she changed attorneys and dismissed her action, this dismissal not being contemplated by the parties; that in addition to the $2,500 so paid plaintiff was ordered to pay and did pay for defendant's support $500; paid her attorneys $475 and paid his own attorneys $375.

The court made conclusions of law that defendant was guilty of extreme cruelty and gross neglect of duty and plaintiff was entitled to be divorced from defendant for defendant's fault; that defendant was not entitled to be divorced from plaintiff on account of anything alleged in her cross petition or appearing in the evidence in support thereof; the trial court then made a conclusion of law that defendant should have as her separate property the quarter section in Ottawa county; that plaintiff should pay defendant $500 in thirty days and $2,000 without interest within six months; that she should also have the piano that was in the house, her automobile and a paid-up life insurance policy with cash surrender value of $896; that the 40-acre tract in Saline county, the cemetery lot, the household goods and livestock, farming equipment, automobiles and growing crops should be set aside for plaintiff; that defendant should pay her own attorney fees and the plaintiff pay the costs.

The plaintiff filed a motion for a new trial; that two findings of fact be amended, for additional findings and for a conclusion of law providing the property division be set aside; that one conclusion of law be amended. The motion as to the findings of fact was allowed and the findings were amended in detail, not now important. In the motion of the plaintiff for additional conclusions of law he asked that the property division be set aside because it was arrived at upon consideration of incompetent evidence; that the conclusion as to costs be amended so that defendant be ordered to pay the costs incurred on account of a last minute continuance; that the motion also asked that the trial court make a conclusion of law, considering the $3,000 paid defendant when the parties divided the $6,000 in 1946, the $2,500 paid defendant at the time the former divorce case was filed, the $100 she was alleged to have taken with her when she left home, $225 she checked out of the bank, the

automobile, the insurance policy with a paid-up value of $896, other articles of personal property worth $125, the $475 paid her attorneys and the $375 paid his attorneys in the former action; the motion asked the trial court to order that $2,000 plus what she had already received be defendant's full share. In response to this motion the trial court made a conclusion of law that defendant should pay the costs accrued up to the time of the continuance on January 19, 1948, and amended conclusion of law No. 3 by reducing the cash payment to be made from $2,500 to $1,250, $500 to be paid within thirty days and $750 to be paid in six months without interest and ordering that defendant should have the piano, the automobile and a paid-up life insurance policy with a cash surrender value of $419. Thereafter the plaintiff filed a motion for a new trial upon the issue of division of property, on account of abuse of discretion of the trial court, misconduct of the defendant, erroneous rulings of the court and that the division of property was not fair and equitable. This motion was overruled. Hence this appeal.

The defendant made no complaint about either the findings of fact or conclusions of law.

The journal entry of judgment gave defendant the quarter section, the piano in the plaintiff's home, the automobile in defendant's possession, the paid-up life insurance with a cash surrender value of $419, and plaintiff was directed to pay defendant $500 within thirty days and $750 within six months, these sums to be a lien on the real property set aside for plaintiff; plaintiff was given the forty acres, the farming machinery, the household goods except the piano, all the livestock and other personal property and all money then in his possession and the cemetery lot. The costs were divided as provided in the conclusions of law. Defendant was restored to her maiden name. No attorney fees were ordered paid by plaintiff.

Plaintiff filed another motion for a new trial, which was overruled.

The specifications of error are the admission of incompetent evidence and exclusion of competent evidence, overruling plaintiff's motion for a new trial, not a fair and equitable division of property, overruling plaintiff's motion for findings of fact; that defendant on numerous occasions drew checks on the bank account of plaintiff, overruling plaintiff's motion to set aside conclusions of law and overruling motion of plaintiff that the quarter section be allotted to him.

Notwithstanding this imposing list of specifications of errors counsel devote their brief to a discussion of the evidence. This argument may be summed up by the concluding sentence of the plaintiff's brief, as follows. "With the findings of fact of the trial court as they stand, and with them final as they are upon the appellee, we see no reason why this court should not now render final judgment herein providing for a fair and equitable division of property herein."

The plaintiff does not favor us with the citation of authorities. There is little we could learn from our opinions in appeals of this sort except that each case must be decided on its own merits, considering all the surrounding facts and circumstances, the station of the parties, the efforts made by each in the accumulation of property, the comparative conduct of the parties, and all the other minutiae and sordid facts brought out when a married couple find they can no longer live together.

We shall here consider upon this appeal the court's findings of fact and conclusions of law. On that account we have no trouble about the facts. They are settled in the court's findings as far as defendant is concerned because she made no objection and the plaintiff finally asks us to consider the appeal from these findings.

At the outset it is clear the divorce was granted by reason of the fault or the aggression of the wife. The pertinent statute is G. S. 1947 Supp. 60-1511. That section provides, as follows:

". . . If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, lands, tenements and hereditaments owned by her before, or by her separately acquired after such marriage, and not previously disposed of, and also the court may award the wife such share of her husband's real and personal property, or both, as to the court may appear just and reasonable; and she shall be barred of all right in all the remaining lands of which her husband may at any time have been seized. And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. . . ."

Our question is—Was the division of property made by the trial court just and equitable? The matter rests in the discretion of the trial court but the discretion is judicial, not arbitrary. (See *Walno v. Walno*, 164 Kan. 620, 192 P. 2d 165; and cases cited.) Our question is really whether the trial court abused its discretion.

It seems the trial court gave undue consideration to the property settlement the parties agreed to on the occasion of the former action that was dismissed. It seems also that the trial court failed to give due consideration to payments made to defendant before the present difficulties arose. It seems the court failed to consider the conduct of defendant as stated in its findings and how little help defendant must have been to plaintiff in building up their little fortune. It seems plaintiff has done remarkably well starting with $2,000 in 1929 and having accumulated something like $28,000 by now, largely through his own efforts.

Counsel for the parties each attempt to strike a balance. But little would be added to this opinion by printing these figures. Suffice it to say we have concluded that the trial court abused its discretion in rendering the judgment rendered. The division of the property was not fair and equitable. This judgment should be modified as follows: The quarter section of land in Ottawa county should be allotted the plaintiff instead of the defendant; plaintiff should be ordered to pay defendant $5,000, $1,000 to be paid within thirty days of the date when the mandate from this court is spread on the records of the trial court and $500 to be paid every six months thereafter until the balance of $4,000 has been paid, all to be without interest, all these sums to be a lien on the Saline county land, defendant to have in addition the piano, the automobile in her possession and the paid-up insurance policy with a cash surrender value of $419, plaintiff to have in addition to the quarter section in Ottawa county the forty acres in Saline county, the farming machinery, the household goods, except the piano, all livestock and other personal property, all money in his possession and the cemetery lot, defendant to pay her own attorney fees in this court.

As so modified, the judgment is affirmed.