No. 33,176

JANET LOUISE MYERS, by PHYLLIS MYERS, Her Mother and Next Friend, *Appellant*, v. CLAYTON P. ANDERSON, *Appellee*.

(67 P. 2d 542)

Opinion filed May 8, 1937.

W. T. Roche and C. Vincent Jones, both of Clay Center, for the appellant.

W. M. Beall, of Clay Center, Hal E. Harlan and A. M. Johnston, both of Manhattan, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question in this appeal is whether an illegitimate child's right to support from its father is barred by reason of a settlement made between the father and its mother.

Plaintiff's petition alleged her birth on February 28, 1935; that Phyllis Myers was her mother and defendant was her father; that she was in destitute and necessitous circumstances, her mother was financially unable to support her, and defendant, upon demand, refused to contribute to her support. She prayed for such relief as was just and equitable in the premises and for an order compelling defendant to support her, etc.

Defendant's answer consisted of a general denial, admitted plaintiff's birth and that Phyllis Myers was her mother, and alleged that Phyllis Myers and defendant were never married to each other. For a further defense, defendant alleged that on December 6, 1934, Phyllis Myers claimed defendant was the father of her unborn child, and in order to settle the matter without publicity and litigation, defendant paid to Phyllis Myers the sum of $1,000, in consideration of which Phyllis Myers, in writing, released defendant from any and all liability to her or to said child after it should be born. For a further defense, defendant alleged that if the written release did not constitute a complete defense, that the sum of $1,000 paid was sufficient and adequate to provide for the care, support, maintenance and education of the child. We note that in the written release is an express statement defendant does not acknowledge paternity of the child.

The amended reply stated the $1,000 was exhausted and expended by the mother prior to plaintiff's birth.

Trial was had by the court which found that defendant was the father of plaintiff, and that the agreement between the plaintiff's mother and the defendant was a bar to plaintiff's action, and that plaintiff was in necessitous circumstances. Plaintiff's motion for a new trial was denied, and she appeals.

Before discussing the merits of the appeal, we note appellee's motion to dismiss the appeal because no transcript of the evidence was obtained and filed. The appellant is not disputing any finding of fact made by the trial court, and the need for such a transcript is not apparent. Appellee argues that in the absence of any showing to the contrary it should be presumed the release between plaintiff's

mother and the defendant was fairly and understandingly made and that no deceit or fraud was practiced upon the mother. Appellant makes no claim to the contrary, and such presumption will be made.

The question presented may be divided into two parts. The first is whether the father of an illegitimate child has a duty to support it, and the second, whether the mother can, by agreement, make a settlement which will bind the child. It may be observed that in this case no proceedings were had under G. S. 1935, 62-2301 *et seq.* pertaining to illegitimate children. Insofar as the first part of the question is concerned, the matter is settled in this state by *Doughty v. Engler,* 112 Kan. 583, 211 Pac. 619, 30 A. L. R. 1065, in which this court, after stating the rule of the common law that the father of an illegitimate child cannot be required to provide for its support, and commenting thereon, and after expressing the opinion that our statutes with reference to illegitimate children (G. S. 1915, ch. 50, now appearing as G. S. 1935, 62-2301 *et seq.*) and with reference to children in destitute or necessitous circumstances (Laws 1911, ch. 163, G. S. 1915, §§ 3410-3416, now appearing as G. S. 1935, 21-442 to 21-448) did not fully cover the entire field of parental liability, concluded the rule of the common law was unadapted to the conditions and unsuitable to the needs of the people of this state, and held:

"The father of an illegitimate child too young to care for itself is under a nonstatutory obligation to support it, which may be enforced in an action brought by it through its next friend." (Syl.)

It may be conceded the above holding represents what is a minority view (see annotation 30 A. L. R. 1060 *et seq.*), but we see no reason to depart therefrom.

May the mother, by settlement, bind the child? Our attention is directed by the appellee to many decisions from other jurisdictions, holding that a settlement made either in bastardy proceedings or to prevent such proceedings being taken, is valid and enforceable. No good purpose will be served by discussing those decisions, first, because in most of those jurisdictions the rule recognized in this state as to nonstatutory duty is not followed, and second, in many of them the matter decided turned upon interpretation of local statutes. The question has not heretofore been determined in this state. Appellee calls our attention to that section of our statute, with reference to illegitimate children, reciting:

"The prosecuting witness may, at any time before final judgment, dismiss such suit, if she shall enter of record an admission that provision for the maintenance of the child has been made to her satisfaction; such entry shall be a bar to all other prosecutions for the same cause and purpose." (G. S. 1935, 62-2316.)

and argues that it bars the present action. It may be questioned whether it binds the child, even though it be conceded it does bind the mother.

In *Costigan v. Stewart,* 76 Kan. 353, 91 Pac. 83, an attempt was made by plaintiff to enforce his lien out of a fund recovered in a bastardy proceeding. From an adverse judgment he appealed to this court, which refused to hold the mother powerless by contract to create a lien on the fund and held she was not a trustee for the child, but that she had the right to institute the suit and control the sum awarded to her, and that the child had no interest in it. While that decision is not of itself controlling because of the statutes involved, it does show that a settlement made by the mother is for her use and benefit and not for the use and benefit of the child. The case at bar, however, presents a somewhat different situation. Here the mother, by her settlement with the defendant, attempted to settle not only her own cause of action but the cause of action belonging to her child. It is well recognized that in the absence of statute or proper procedure in court, a parent has no implied or other authority to compromise or settle his child's choses in action. (See *Railway Co. v. Lasca,* 79 Kan. 311, 99 Pac. 616, 21 L. R. A., n. s. 338, 14 R. C. L. 288, 289, 20 R. C. L. 613, 46 C. J. 1317, and as bearing on the question, see annotation 103 A. L. R. 500.) Following the holding in *Doughty v. Engler,* supra, it must be held the illegitimate child had a cause of action against its father for support. That cause of action the mother was without authority to settle, and the trial court erred in holding that the settlement made by the mother was a bar to plaintiff's recovery.

We need not discuss appellee's contention the amount paid under the settlement was adequate and equitable; that would concern us only if the settlement were enforceable against the child.

The trial court erred in rendering judgment against plaintiff and in favor of defendant, and in denying plaintiff's motion for a new trial. Its judgment and order are reversed.