No. 43,320

Michael Anthony Addington, by His Next Friend and Mother, Margaret Golden, *Appellant,* v. W. H. Addington, *Appellee.*

(386 P. 2d 219)

Opinion filed November 2, 1963.

*William E. Haney,* of Topeka, argued the cause, and *Clarence R. Sowers,* and *John W. Sowers,* both of Wichita, and *Howard A. Jones, Charles L. Davis, Jr., Frank M. Rice,* and *Sterling S. Waggener,* all of Topeka, were with him on the briefs for the appellant.

*Daniel C. Bachmann,* of Wichita, argued the cause, and *Shelley Graybill,* of Elkhart, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal from the judgment, order, decision and other rulings pertaining to the amount of an award of child support and from the order overruling plaintiff's motion for new trial in an action brought by a son against his father to enforce the father's nonstatutory duty to support the son.

We are first met with a motion of defendant attacking plaintiff's

right to be heard in this appeal for failure to .comply with G. S. 1949, 60-3311 and rule 5 of this court regarding the transcript and abstract respectively. Examination of the record reveals no omission or affirmative showing that defendant's rights were prejudiced thereby and the motion is, therefore, overruled.

In *Wahl v. Walsh*, 180 Kan. 313, 304 P. 2d 525, we held that "the father of an illegitimate child too young to care for itself is under a nonstatutory obligation to support it, which may be enforced in an action brought by it through its next friend." (Syl. ¶ 1.)

We do not deem it necessary to go into detail with respect to the evidence in this case. The stipulations of the parties show the defendant to be a wealthy man and the oral testimony of the mother shows expenses of the plaintiff child. This evidence was before the trial court when it made its order allowing $150.00 per month child support.

The trial court made several findings of fact but we are here concerned only with finding No. 8 and that part of the judgment entered thereon, together with that part of the judgment fixing the amount of child support at $150.00 per month.

Plaintiff raises three questions. The first is whether the trial court erred in considering a contract entered into between the parents of plaintiff as well as a judgment of the Stanton county district court in an action to detrmine the rights of the parents under the contract. From remarks of the trial court, as reflected in the record, we find no support for plaintiff's contention of error in this regard and we, therefore, hold the trial court should be affirmed on this point.

The second question presented is whether the trial court erred in awarding a minor son of a wealthy father the sum of $150.00 per month in view of plaintiff's needs and the father's financial worth.

The Wahl case, *supra*, reflects the attitude of our Kansas courts that the fact a child is illegitimate has not effect on the amount to be allowed in a child support order. Once the trial court takes jurisdiction of a case where a father and son relationship has been held to exist, the rules of law apply the same as in any other father and son relationship. The question of the relationship of this father and son was determined by the trial court and no appeal has been taken therefrom.

The portals of the trial court are always open to the parties in child support cases, as further exigencies may demand, because the

trial court retains jurisdiction of its orders and may at any time modify them to meet the best interests and welfare of the child. (*Goodman v. Goodman,* 188 Kan. 41, 45, 360 P. 2d 877.) In the Goodman case the appealing party, as here, sought to have this court make findings of fact different from those of the trial court and this, of course, an appellate court is not permitted to do.

The third and final question is whether the trial court erred in placing the management, control, and disbursement of funds granted plaintiff herein, a minor, in the hands of others than the minor's mother. The mother's testimony, as narrated in the record before us, is sufficient to show she has some rather unusual ideas with respect to plaintiff's needs such as his taking boxing lessons when he has an asthmatic condition. We are aware the trial court had the opportunity to see the witnesses and to determine their candor and apparent motive in giving their testimony and while this case presented a very difficult situation for the trial court, unless a clear abuse of discretion is shown, which it is not, we will not disturb its determination.

On the questions raised we are unable to find any error on the part of the trial court. It is hereby directed that someone be appointed to whom the child support payments can be made and disbursed for the benefit of plaintiff and it is further directed that the costs be charged against and paid by the defendant.

The judgment is affirmed.