No. 46,054

Dana Lawrence, Minor Child, by and through Her Mother and Next Friend, Brenda Joyce Lawrence, *Appellant,* v. Coleman Earl Boyd, *Appellee.*

(486 P. 2d 1394)

Opinion filed July 16, 1971.

*Robert S. Fuqua,* of Wichita, and *Jerry Wigglesworth,* of Topeka, argued the cause, and *Charles V. Hamm,* of Topeka, was with them on the brief for the appellant.

*Robert W. Kaplan,* of Wichita, argued the cause, and *Calvin McMillan,* of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: A minor child, by its mother and next friend, instituted this action seeking to have defendant adjudged the father of said child and ordered to make regular payments for its support

and maintenance. At the close of plaintiff's evidence, the district court sustained defendant's motion to dismiss, and plaintiff has appealed.

The grounds upon which the trial court based its order of dismissal were (1) the action was not brought by the real party in interest, (2) plaintiff violated a local court rule by filing the action on a poverty affidavit in lieu of a cost deposit, and (3) plaintiff failed to establish a prima facie case of paternity against defendant.

At the outset, we note that the propriety of the district court's order in dismissing the case on the merits is not seriously challenged. An involuntary dismissal at the close of plaintiff's evidence is authorized by K. S. A. 60-241 (*b*) when, upon the facts and the law, the plaintiff has shown no right to relief. The trial judge has the power to weigh and evaluate the evidence in the same manner as if he were adjudicating the case on its merits and making findings of fact at the conclusion of the entire case. Upon review, the findings made by the lower court must be accepted unless clearly erroneous. (*Aspelin v. Mounkes*, 206 Kan. 132, 476 P. 2d 620; *Mackey-Woodard, Inc. v. Citizens State Bank*, 197 Kan. 536, 419 P. 2d 847.) Here, the trial judge found that because of the mother's admitted sexual promiscuity, it was impossible for the court to determine defendant was the father of the child. No useful purpose would be served by reciting the evidence relating to the mother's conduct with other men at or about the time the minor child would have been conceived. It suffices to say the trial court's finding was supported by ample evidence and dismissal of the case on the merits must be upheld.

Ordinarily, what has been said would adequately dispose of this appeal. The district court, however, as part of its judgment, entered orders in the nature of injunctions against the state and county Departments of Social Welfare. Thus, we are compelled to consider the questions of real party in interest and plaintiff's use of a poverty affidavit in filing the action.

In the journal entry of judgment, the district court found that the action was brought at the instance and request of the Department of Social Welfare to recover monies paid by the department for the benefit of the minor child under appropriate statutes and regulations requiring such payment, and that the mother did not initiate the action of her own volition, but did so only after being advised of the possible loss of aid for her children. The court concluded that

plaintiff was not the real party in interest and enjoined the Department of Social Welfare from filing future actions in violation of K. S. A. 60-217. The Sedgwick County Department of Social Welfare was also enjoined from promoting or encouraging the filing of actions for determination of parternity and recovery of support money through duress or threat of the loss of financial aid.

The evidence discloses the minor child involved in this case was born February 16, 1967. The mother of said child receives ADC assistance in the amount of $237 per month for her three illegitimate children. She testified she was told by a representative of the Sedgwick County Welfare Department, "if I didn't give him the father's name, I would lose my check." After this conversation, she went to the welfare attorney's office and filed three paternity actions against three different putative fathers. When questioned by the court as to why she had brought the actions, the mother testified, "I just decided it was time they helped to take care of their children, too."

K. S. A. 60-217 (*a*) provides that every action shall be prosecuted in the name of the real party in interest. Subsection (*a*) of the statute is patterned after Rule 17 of the Federal Rules of Civil Procedure. The purpose of the statute is to require that the action be brought by the person who, according to the governing substantive law, possesses the right sought to be enforced and not necessarily the person who ultimately benefits from the recovery. (2 Vernon Kansas Statutes Anno. § 60-217, 217.1; 6 Wright and Miller, Federal Practice and Procedure, Civil: § 1543, P. 645.)

Many years ago this court held that the legislature, in enacting the bastardy act (See, K. S. A. 62-2301 *et seq*), authorizing a mother of an illegitimate child to maintain an action for the mother's benefit in the name of the state against the putative father, did not intend the act to be the exclusive remedy of enforcing the father's liability for support of his child. (*Doughty v. Engler*, 112 Kan. 583, 211 Pac. 619; 30 A. L. R. 1065.) As a result, it has become firmly established as part of our substantive law that the father of an illegitimate child, too young to care for itself, is under a non-statutory obligation to support the child, and the obligation may be enforced in an action brought by the child by its next friend. (*Addington v. Addington*, 192 Kan. 118, 386 P. 2d 219; *Grayson v. Grayson*, 182 Kan. 285, 320 P. 2d 803; *Wahl v. Walsh*, 180 Kan. 313, 304 P. 2d 525.) The right of the child to support

from its father is a chose in action which belongs to the child. The child's right cannot be bargained away or defeated by a purported settlement between the father and the mother (*Myers v. Anderson,* 145 Kan. 775, 67 P. 2d 542), nor can the father relieve himself of his obligation to support his child by entering into an agreement with a third person to assume that responsibility. (*Grimes v. Grimes,* 179 Kan. 340, 295 P. 2d 646.)

The purpose of statutes requiring every action to be prosecuted in the name of the real party in interest is to protect the defendant from being repeatedly harrassed by a multiplicity of suits for the same cause of action. Where the final judgment, when and if obtained, is a full, final, and conclusive adjudication of the rights in controversy and may be pleaded in bar to any other suit instituted by a different party, defendant may not object on the ground that plaintiff is not the real party in interest. (*First National Bank of Topeka v. United Telephone Ass'n,* 187 Kan. 29, 353 P. 2d 963.) In similar vein, the basis for Federal Rule 17 (a) was stated by the Advisory Committee as follows:

" '[T]he modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have its proper effect as res judicata.' " (6 Wright and Miller, Federal Practice and Procedure, § 1543, P. 644.)

There can be no question that the defendant in a paternity action instituted by the minor child is fully protected by any adjudication that may be made. If, as here, defendant is adjudged not to be the father of the child, the judgment may be pleaded in bar to an action instituted by a different party seeking to assert the same claim. On the other hand, if defendant is adjudged to be the father, such an adjudication is final and conclusive. In either event, the defendant may avail himself of any defenses he may have on the paternity issue. Once the parent-child relationship is established, however, the court is always open to make appropriate support orders in the future to meet the best interests and welfare of the child. (*Addington v. Addington,* supra; *Goodman v. Goodman,* 188 Kan. 41, 360 P. 2d 877.)

The fact that some financial benefit (in the form of reduced welfare payments) may ultimately accrue to the Department of Social Welfare from the successful prosecution of such an action does not deprive the child of its status as the real party in interest. The

right sought to be enforced belongs to the child. Whether the Department of Social Welfare, under any circumstances, would have the right to maintain an action for recovery of support money against a putative father is not before us. Our holding here is simply that the minor child qualifies as the real party in interest to maintain an action by its next friend to enforce the father's non-statutory obligation of support.

In dismissing the case, the district court also found that "plaintiff possessed income at the time the action was filed" and use of a poverty affidavit in lieu of a cost deposit was in violation of the local court rule 6.01 (d). As part of its final judgment, the court enjoined the Department of Social Welfare from filing future actions which would violate the rule.

Rule 6.01 of the district court of Sedgwick county is entitled "Ex Parte Orders in Divorce and Separate Maintenance Cases." Subsection (d) thereof reads as follows:

"No ex parte order will be issued and no domestic relation case will be filed on a poverty affidavit in lieu of cost deposit by any plaintiff possessing income, or funds of any kind; and any case so filed shall be subject to dismissal by the court."

It would appear that the rule was intended to apply only to divorce and separate maintenance actions. Since this was an action by a minor to determine paternity and recover support money, the district court erroneously concluded the rule had application.

For the reasons discussed, the injunction orders against the state and county Departments of Social Welfare must be vacated, set aside, and held for naught. To that extent, the judgment is reversed. The judgment dismissing the action on its merits is affirmed.