(602 P.2d 546)
No. 50,349

DONNA JEAN SMITH, as Natural Guardian and Next Friend for JUSTIN WADE SMITH, a Minor Child, *Appellant,* v. GREGORY SIMMONS, *Appellee.*

Opinion filed November 16, 1979.

*Martha J. Hodgesmith,* attorney for Department of Social and Rehabilitation Services, and *William L. Brown,* of Newton, for the appellant.

No appearance by appellee.

Before FOTH, C.J., ABBOTT and PARKS, JJ.

PARKS, J.: This is an appeal from an order setting aside a judgment of paternity and order of child support previously entered against defendant.

In January 1973, Donna Jean Smith gave birth to Justin Wade Smith out of wedlock. Three years later Ms. Smith applied for and received Aid to Dependent Children (ADC) payments. At the same time she signed an assignment of support rights to the State Department of Social and Rehabilitation Services (SRS) pursuant to K.S.A. 1978 Supp. 39-709(*b*) and also signed a form acknowledging her responsibility to cooperate in establishing the paternity of her child and obtaining support for him.

A petition was subsequently filed in the name of Donna Jean Smith as Natural Guardian and Next Friend for Justin Wade Smith, a minor child, to establish the paternity of the defendant. A staff attorney for SRS represented plaintiff in that matter. Default judgment was entered against defendant and he was

ordered to pay $80 a month child support. The court further directed that the payments be made to SRS as long as the child received ADC. Defendant failed to make the payments and on February 23, 1977, filed a Motion for Relief of Judgment alleging that the suit was barred by the statute of limitations of K.S.A. 38-1104.

The trial court held that SRS could only enforce the mother's cause of action granted by K.S.A. 38-1101 and that the suit, brought more than three years after Justin's birth, was barred by the one year statute of limitation found in K.S.A. 38-1104.

A paternity suit brought by a mother under K.S.A. 38-1101 more than one year after the birth of her child is barred by K.S.A. 38-1104. However, the child has a separate cause of action to enforce his right to support. *Doughty v. Engler,* 112 Kan. 583, 211 Pac. 619 (1923). This action is a chose which is vested in the child (*Lawrence v. Boyd,* 207 Kan. 776, Syl. ¶ 2, 486 P.2d 1394 [1971]) and may not be alienated by its parents (*Myers v. Anderson,* 145 Kan. 775, 778, 67 P.2d 542 [1937]). Any settlement of the child's nonstatutory right to support (*Myers,* 145 Kan. at 778) or assignment of the companion duty of support (*Grimes v. Grimes,* 179 Kan. 340, 295 P.2d 646 [1956]) is ineffective. More importantly, the common law action for support has been exempted from the operation of the statute of limitations of K.S.A. 38-1104. *Huss v. DeMott,* 215 Kan. 450, 524 P.2d 743 (1974). Thus, resolution of this case depends upon whether this paternity suit brought by the mother as guardian and next friend and represented by SRS could be properly maintained as an action for enforcement of the child's nonstatutory right to support.

The trial court mistakenly perceived SRS as the real party in interest and the enforcement action of SRS as based on an ineffective assignment. The fact that some financial benefit (in the form of reimbursement for ADC payments) may accrue to SRS from the successful prosecution of· an action to enforce the child's right to support does not deprive the child of its status as the real party in interest. The right sought to be enforced belongs to the child. *Lawrence v. Boyd,* 207 Kan. at 779-780. The order of support payments to SRS was merely incidental to the right established for the child. It was not a settlement of the type prohibited by *Myers* and did not compromise the child's right to support. The action established the child's paternity and enforced

his right to future support while securing the present reimbursement of SRS. Such reimbursement is only for the period that the person is an applicant or recipient of ADC. K.S.A. 1978 Supp. 39-709(b). The real benefit was to the child because once the filial relationship was established, the court had continuing jurisdiction to make modifications in the support order to meet his best interests. *Addington v. Addington,* 192 Kan. 118, 386 P.2d 219 (1963). Inasmuch as this action was for the nonstatutory duty of support, it was exempt from the limitations of K.S.A. 38-1104. *Huss,* 215 Kan. 450.

We note that after judgment was entered in this case, K.S.A. 1978 Supp. 39-755 was enacted, thus providing SRS with a means of enforcing child support rights through a suit brought in the name of the State.

The trial court erred in holding that this action was barred by K.S.A. 38-1104. Reversed with directions to reinstate the judgment of paternity and order of support.