(605 P.2d 592)
No. 50,601

ERIKKA LYNETTE CROOMS, a Minor, by and through Her Mother and Next Friend, CAROLE CROOMS, *Appellee,* v. ROBERT L. WHITFIELD, *Appellant.*

Opinion filed February 1, 1980.

*John C. Humpage* and *John M. Redmon,* of Humpage, Berger & Hoffman, of Topeka, for the appellant.

*David L. Skidgel,* of Topeka, for the appellee.

Before ABBOTT, P.J., SWINEHART and MEYER, JJ.

SWINEHART, J.: In this nonstatutory paternity action, defendant appeals from that portion of the trial court's judgment allowing plaintiff attorney fees and expenses.

In this action plaintiff Erikka Lynette Crooms, a minor child born August 18, 1975, through her mother as next friend, asked that defendant Robert L. Whitfield be adjudged her father and liable for child support until she reaches the age of majority. She also sought hospital expenses incident to her birth, attorney fees and expenses.

After trial to the court on April 10 and 11, 1978, the defendant was found to be the natural father of plaintiff. The court further ordered him to pay child support of $58 biweekly, hospital and

medical expenses of $426.50, attorney fees and expenses, and court costs of $100. The court's order provided that the amount of attorney fees and expenses due plaintiff's attorney would be determined after the parties submitted memoranda in support of their positions.

On November 3, 1978, the court sustained plaintiff's request for attorney fees, and awarded $1,270 for fees and $2.21 for expenses.

Defendant appeals from the court's order awarding fees and expenses to plaintiff's attorney.

Kansas cases have recognized two distinct proceedings in which the paternity of an illegitimate child may be determined. One proceeding is purely statutory and provides that an unmarried woman may bring a civil action to determine paternity wherein child support and medical expenses incident to birth may be ordered. K.S.A. 38-1101 *et seq.* The statutory paternity proceeding allows the court, in its discretion, to award plaintiff reasonable attorney fees. K.S.A. 38-1103. The father of an illegitimate child too young to care for itself is under a nonstatutory obligation to support it and that obligation may be enforced in an action brought by the illegitimate child through its next friend. *Doughty v. Engler,* 112 Kan. 583, Syl. ¶ 1, 211 Pac. 619 (1923). This is an alternative type of paternity proceeding to the statutory provisions set forth in K.S.A. 38-1101 *et seq.* The child's cause of action under *Doughty* is not dependent upon the enforcement of the mother's rights under the paternity statute nor subject to the one-year statute of limitation contained in K.S.A. 38-1104. *Huss v. DeMott,* 215 Kan. 450, 451, 524 P.2d 743 (1974); *Smith v. Simmons,* 4 Kan. App. 2d 60, 602 P.2d 546 (1979). The present case is a nonstatutory proceeding and the sole issue presented is whether the trial court erred in awarding plaintiff attorney fees and expenses.

The trial court's reasoning for awarding attorney fees is not readily apparent from the record before us. Defendant suggests that the court relied on K.S.A. 38-1103. However, such provision is an integral part of the statutory scheme governing paternity actions brought by an unmarried mother, and we conclude the legislature did not intend the provision to apply to nonstatutory proceedings. Likewise, there is no basis in Kansas case law to support an award of attorney fees in a nonstatutory paternity action. Our review of the cases following *Doughty* reveals no

instance where attorney fees were assessed against the putative father in a nonstatutory proceeding.

The long-standing rule in this state is that attorney fees and expenses of a prevailing party in litigation are not recoverable from the defeated party in the absence of a clear and specific statutory provision therefor. *Newton v. Hornblower, Inc.,* 224 Kan. 506, 525, 582 P.2d 1136 (1978). Plaintiff states the equities of the present case justify a departure from the general rule, arguing that the award of attorney fees guards against dilution of the support order and that the "payment of attorney fees in this action is actually in the nature of support to the child." Although equitable considerations may exist, we believe the trial court is adequately empowered to fashion a suitable support order and to guard against its dilution even in the absence of authority to award attorney fees and expenses. Once the parent-child relationship is established, the court is always open to make appropriate support orders in the future to meet the best interest and welfare of the child. *Lawrence v. Boyd,* 207 Kan. 776, 779, 486 P.2d 1394 (1971).

As there is no clear and specific statutory provision authorizing an award of attorney fees and expenses in a nonstatutory paternity action, we hold the trial court erred in making such an award. Although similarities may exist between the statutory and non-statutory proceedings, our conclusion comports with other cases which have recognized and preserved the distinctions between the two types of paternity actions. *Huss v. DeMott,* 215 Kan. 450, Syl. ¶ 3; *Myers v. Anderson,* 145 Kan. 775, 778, 67 P.2d 542 (1937).

The judgment is reversed as to the allowance of attorney fees and expenses.