(608 P.2d 1038)
No. 50,645

TA-TALINDA AKIS STERLING, a minor child, by her natural guardian and mother, SHEILA M. STERLING, and STATE OF KANSAS, *ex rel.*, SECRETARY OF THE STATE DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, *Appellants*, v. SINCLAIR MANN, *Appellee.*

Petition for review denied May 19, 1980.

Opinion filed March 28, 1980.

*Gene M. Olander,* District Attorney, and *Robert T. Stephan,* Attorney General, for the appellants.

*F. G. Manzanares,* of Topeka, for the appellee.

Before PARKS, P.J., ABBOTT and SWINEHART, JJ.

PARKS, J.: This is an appeal from an order dismissing plaintiffs' action to establish paternity and obtain child support filed pursuant to K.S.A. 1979 Supp. 39-755.

Ta-Talinda was born October 27, 1974; however, this suit brought by her mother and the State of Kansas was not filed until March 30, 1977. In a letter decision the court dismissed the action, holding (1) the mother had failed to bring a paternity action within the one-year statute of limitations (K.S.A. 38-1104) and (2) the mother had no existing support rights at the date of the assignment. Plaintiff appeals and we reverse.

A similar factual situation was recently presented to this court in *Smith v. Simmons,* 4 Kan. App. 2d 60, 602 P.2d 546 (1979), where we said:

"[T]he child has a separate cause of action to enforce his right to support. *Doughty v. Engler,* 112 Kan. 583, 211 Pac. 619 (1923). This action is a chose which

is vested in the child (*Lawrence v. Boyd*, 207 Kan. 776, Syl. ¶ 2, 486 P.2d 1394 [1971]) and may not be alienated by its parents (*Myers v. Anderson*, 145 Kan. 775, 778, 67 P.2d 542 [1937]). Any settlement of the nonstatutory right to support (*Myers*, 145 Kan. at 778) or assignment of the companion duty of support (*Grimes v. Grimes*, 179 Kan. 340, 295 P.2d 646 [1956]), is ineffective. More importantly, the common law action for support has been exempted from the operation of the statute of limitations of K.S.A. 38-1104. *Huss v. DeMott*, 215 Kan. 450, 524 P.2d 743 (1974)." 4 Kan. App. 2d at 61.

Thus we held in *Smith* that a paternity suit brought by a mother as guardian and next friend and represented by SRS may be properly maintained as an action for enforcement of the child's nonstatutory right to support and that as such, the action is not subject to the provisions of K.S.A. 38-1104.

After the trial court's judgment was entered in *Smith*, K.S.A. 1979 Supp. 39-753(*g*) and 39-755(*a*) were enacted to permit SRS to assist in establishing paternity, when appropriate or necessary, and in securing and enforcing orders for support. It is the effect of these statutes which is now at issue in this case.

Defendant argues that the operation of K.S.A. 1979 Supp. 39-755(*a*), which reads:

"In cases where the secretary of social and rehabilitation services has accepted, on behalf of the state, an assignment of support rights from a person applying for or receiving aid to families with dependent children in accordance with the provisions of K.S.A. 1976 Supp. 39-709, the secretary of social and rehabilitation services is authorized to bring a civil action in the name of the state of Kansas to enforce such support rights and, when appropriate or necessary, to establish the paternity of a child."

depends upon the effectiveness of the assignment made in accordance with 39-709. We do not agree.

The construction of a new statute entails application of two basic principles. The first is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute, even though words, phrases or clauses at some place in the statute must be omitted or inserted. *Brown v. Keill*, 224 Kan. 195, Syl. ¶ 2, 580 P.2d 867 (1978). This principle must then be applied in light of the following:

"In determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished and the effect the statute may have under the various constructions suggested. [Citation omitted.] In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act but are required to consider and construe together all parts thereof *in pari materia*. When the interpretation of

some one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the literal import of words as phrases which conflict with the manifest purpose of the legislature. [Citation omitted.]" 224 Kan. at 200.

It is apparent that the intent of the legislature in enacting K.S.A. 1979 Supp. 39-755 was to provide a procedure, complementary with federal law, which would permit the State to obtain reimbursement for welfare assistance paid to children who have a right to support from some other person. *Report on Kansas Legislative Interim Studies,* Part I, Special Committees, 1022-26 (1976). To construe K.S.A. 1979 Supp. 39-755 to be dependent on an assignment of the mother's rights would be to defeat this purpose in all cases in which the assignment is not given within one year of the child's birth since K.S.A. 38-1104 clearly applies to the mother's support action. Such a result would be inconsistent with *Smith* and with the intent of the legislature.

Defendant's argument also ignores subsection (*d*) of K.S.A. 1979 Supp. 39-755 which provides:

"The provisions of this section shall also apply to cases brought in accordance with the provisions of this act involving persons who are *not* applicants for or recipients of aid to families with dependent children." (Emphasis supplied.)

In order for subsection (*d*) to have any meaning, the assignment referred to in K.S.A. 1979 Supp. 39-755(*a*) is merely a condition of eligibility for aid to families with dependent children (K.S.A. 1979 Supp. 39-709) and not a prerequisite to an action by the State to enforce the child's support rights.

We hold that this action, premised as it is on K.S.A. 1979 Supp. 39-755, is substantively the same as *Smith* and is not barred by K.S.A. 38-1104. Because the sufficiency of the assignment does not control whether the State of Kansas may bring an action to enforce the child's support rights, the defendant's motion to dismiss the appeal as being moot is denied.

The trial court's order to dismiss is reversed with directions to reinstate the case and proceed to trial.