(663 P.2d 312)
No. 54,817

RICHARD J. GRASSI, *Appellee,* v. LINDA K. GRASSI, *Appellee,* v. STATE OF KANSAS, *ex rel.,* SECRETARY, DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, *Appellant.*

Opinion filed May 26, 1983.

*J. A. Robertson,* of State Department of Social and Rehabilitation Services, of Topeka, for appellant.

No appearances for appellees.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

ABBOTT, J.: The Secretary of the State Department of Social and Rehabilitation Services appeals, contending the trial court erred in directing that support payments assigned to Social and Rehabilitation Services (SRS) pursuant to K.S.A. 1982 Supp. 39-709(c) be made to SRS's assignor.

The facts are simple and are not in dispute. Richard J. Grassi and Linda K. Grassi were divorced at some undisclosed date, presumably prior to 1980. They are the parents of three children. Mr. Grassi was ordered to pay $180 per month child support. Mrs. Grassi began receiving aid to dependent children (ADC) on February 1, 1980, and continued to receive financial assistance through May 31, 1981. When Mrs. Grassi began receiving assistance, she assigned the right to any accrued, present or future child support to the Secretary of SRS, pursuant to K.S.A. 1982

Supp. 39-709(*c*), and the assignment and a notice thereof were filed with the Crawford County District Court.

Mrs. Grassi, for reasons not material to this opinion, terminated the ADC benefits, and a notice of partial termination of assignment of support rights was filed with the district court by SRS in May of 1981. At that time, $360 was due to SRS because of the original assignment it held pursuant to K.S.A. 1982 Supp. 39-709(*c*). Mr. Grassi stopped making child support payments March 15, 1981, thus SRS did not receive the $360 it was owed.

Mrs. Grassi began receiving ADC assistance a second time on April 1, 1982, and at all times material to this appeal she continued to receive assistance in the amount of $239 per month. She again assigned her rights to accrued, present and future support to the Secretary of SRS pursuant to K.S.A. 1982 Supp. 39-709(*c*), and notice of that assignment was filed with the Crawford County District Court on May 3, 1982.

Although of no real significance to our holding in this case for the reasons set forth hereinafter, the legislature amended K.S.A. 39-754, effective April 15, 1982 (some nineteen days before SRS filed its assignment with the trial court), and made the Secretary of SRS a *necessary* party in any action to enforce, modify, settle, satisfy or discharge an assigned support obligation, and made it mandatory for the moving party to give notice to the Secretary of SRS.

In March 1982, one month prior to Mrs. Grassi's receiving ADC assistance the second time, she filed a contempt action against Mr. Grassi for his failure to make the child support payments as ordered and for other reasons not germane to this appeal. The contempt proceeding was heard on June 7, 1982, some two months after the effective date of the amendment to K.S.A. 39-754. The Secretary of SRS was not notified and had no knowledge of the contempt proceeding. The trial judge reduced the child support obligation from $180 per month to $80 per month and ordered Mr. Grassi to pay an additional $100 per month to be applied to back-due support. The trial court also ordered "[t]hat the $100.00 payment per month will not be subject to attachment, garnishment, or assignment by SRS, but will go directly to Defendant after payment into Court. That Plaintiff's monthly child support obligation will be returned to $180.00 when all back-due support has been paid."

Upon learning of the order, SRS filed a motion to set it aside because SRS was not given notice and because the order circumvented a valid assignment made to SRS pursuant to statutory authority.

The trial court amended its order to allow SRS to collect the $360 due under the first assignment, but did not modify or set aside the remainder of its original order. The trial court also held that SRS was not entitled to notice because the contempt proceeding was commenced prior to the date notice to SRS was required and because a contempt proceeding is not the type contemplated by the legislature when it enacted K.S.A. 39-754.

Although many contempt actions in child support cases would not require making the Secretary of SRS a party, when the contempt proceeding attempts to enforce, modify, settle, satisfy or discharge an assigned support obligation that meets the requirements of K.S.A. 1982 Supp. 39-754, and notice has been served on the parties, it is reversible error to modify, settle, satisfy, discharge or enforce the support order in a manner inconsistent with the assignment. We do not, however, deem that part of the trial court's order reducing the support·obligation to have been preserved as an issue on appeal, thus it is a valid judgment.

In addition, we need not decide whether the provision of K.S.A. 1982 Supp. 39-754 making the Secretary of SRS a necessary party to an action applies in this case, because we conclude the trial court erred in not modifying its order to recognize the assignment of accrued child support provided for in K.S.A. 1982 Supp. 39-709. It is therefore immaterial and moot whether SRS was a necessary party entitled to notice, because we reach the same result regardless of how we decide the 39-709 issue.

That part of 39-709 in issue here was enacted by the legislature as subsection (b) in 1976 and reads in pertinent part:

"Assistance shall be granted under this act to any dependent child, or relative, subject to the general eligibility requirements as set out in subsection (a) of this section, who resides in the state of Kansas or whose parent or other relative with whom the child is living resides in the state of Kansas. Such assistance shall be known as aid to families with dependent children.

"In addition to other eligibility requirements, *each applicant for or recipient of aid to families with dependent children* who is otherwise eligible for assistance under this section *shall be required as a further condition of eligibility for such assistance to assign to the secretary of social and rehabilitation services, on behalf of the state, any accrued, present or future rights to support from any*

*other person such applicant may have in his or her own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid.* The assignment shall remain in full force and effect *so long* as such person is an applicant or *recipient* of such aid or until such other time as the secretary of social and rehabilitation services and the applicant or the recipient of such aid may agree. Upon the discontinuance of such aid, the assignment shall remain in effect as to unpaid support obligations due and owing at the time of the discontinuance of such aid until the claim of the secretary of social and rehabilitation services for repayment of the unreimbursed portion of such aid is satisfied. If the relative with whom a child is living is found to be ineligible because of failure to comply with the requirements of this paragraph, any aid for which such child is eligible will be provided in the form of protective payments." (Emphasis supplied.)

Subsection (*b*) was reenacted in 1980 in its current form as 39-709(*c*) as follows:

*"By applying for or receiving aid to families with dependent children such applicant or recipient shall be deemed to have assigned to the secretary of social and rehabilitation services, on behalf of the state, any accrued, present or future rights to support from any other person such applicant may have in such person's own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid.* The assignment of support rights shall automatically become effective upon the date of approval for or receipt of such aid without the requirement that any document be signed by the applicant or recipient. The assignment shall remain in full force and effect so long as such person is an applicant or recipient of such aid or until such other time as the secretary of social and rehabilitation services and the applicant or the recipient of such aid may agree. Upon the discontinuance of such aid, the assignment shall remain in effect as to unpaid support obligations due and owing at the time of the discontinuance of such aid until the claim of the secretary of social and rehabilitation services for repayment of the unreimbursed portion of such aid is satisfied. By applying for or receiving aid to dependent children assistance the applicant or recipient is also deemed to have appointed the secretary of social and rehabilitation services, or the secretary's designee, as an attorney in fact to perform the specific act of negotiating and endorsing all drafts, checks, money orders or other negotiable instruments representing support payments received by social and rehabilitation services in behalf of any person applying for or receiving such assistance. This limited power of attorney shall be effective from the date social and rehabilitation services approves the application for aid and shall remain in full force and effect as to the respective support rights herein assigned." (Emphasis supplied.)

In our opinion, legislative intent is that *all* past-due child support payments be assigned to SRS when application for ADC is made. Federal law requires that each state, to be eligible for federal funds, adopt a plan requiring each applicant as a condition of eligibility for assistance to assign to the state any rights to support which have accrued at the time the assignment is exe-

cuted. 42 U.S.C. § 602(a)(26)(A)(ii); 45 C.F.R. § 232.11(a)(1) (1982). The language of K.S.A. 1982 Supp. 39-709(c) is basically that of 42 U.S.C. § 602(a)(26)(A)(ii) and 45 C.F.R. § 232.11(a)(1), and we have purposely recognized the intent of the Kansas legislature to comply with the federal requirements. In *Sterling v. Mann,* 4 Kan. App. 2d 520, 608 P.2d 1038 (1980), this court stated at page 522: "It is apparent that the intent of the legislature in enacting K.S.A. 1979 Supp. 39-755 was to provide a procedure, complementary with federal law, which would permit the State to obtain reimbursement for welfare assistance paid to children who have a right to support from some other person."

Here SRS had filed its assignment and served copies of the second assignment on Mr. Grassi and on counsel of record for both parties, thereby giving notice as required by K.S.A. 1982 Supp. 39-754(d). The trial court erred in ordering support payments that had accrued to be paid over to Mrs. Grassi. She had assigned her right to accrued child support payments to SRS, and because of that assignment SRS had paid Mrs. Grassi $717 (April, May and June at $239 each).

Reversed and remanded with directions to vacate that part of paragraph one of the June 7, 1982, order providing for arrearages in child support payments to be paid directly to Mrs. Grassi and holding it not subject to attachment, garnishment, or assignment by SRS; and to enter an order directing the child support arrearages to be paid to SRS pursuant to K.S.A. 1982 Supp. 39-709(c) and the second assignment.