(877 P.2d 7)

No. 70,369

In the Matter of the Marriage of Kenneth J. Walje, *Appellee*, and Carol A. Walje, *Respondent*, and District Court Trustee, *Appellant*.

Petition for review denied 255 Kan. 1002 (1994).

Opinion filed June 24, 1994.

*Jerry Sharbutt*, district court trustee, of Olathe, for appellant.

*Michael T. Halloran*, of Knipmeyer, McCann, Smith, Manz & Gotfredson, of Kansas City, Missouri, for appellee.

Before Gernon, P.J., Elliott and Green, JJ.

Elliott, J.: The Johnson County District Court Trustee (Trustee) appeals the hearing officer's grant, and the district court's affirmance, of Kenneth Walje's motion for relief from judgment pursuant to K.S.A. 60-260(b), claiming the district court's finding that Kenneth had satisfied his accrued child support obligation violates SRS's assigned right to those payments.

We reverse and remand.

The facts are essentially undisputed. When Carol and Kenneth Walje were divorced, Kenneth was ordered to pay child support through the Trustee. Prior to the divorce, Carol began to receive Aid to Families with Dependent Children (AFDC), automatically assigning her rights in child support payments to SRS pursuant to K.S.A. 39-709(c). SRS filed a notice of the assignment with the district court.

SRS paid Carol AFDC for about 15 months after the child support payments were to begin. Unfortunately, Kenneth never made any child support payments through the Trustee and was cited for contempt. Prior to the contempt hearing, Carol and Kenneth entered into a modification agreement changing custody of the children from Carol to Kenneth; the agreement also terminated Kenneth's support obligation. The district court approved the modification agreement.

The district court, in affirming the hearing officer, found Kenneth had satisfied his past child support obligations and was therefore not required to repay SRS for the AFDC Carol received.

The Trustee appeals as a subcontractor of SRS.

Essentially, the issue on appeal is whether the trial court erred in granting Kenneth's motion for relief from judgment, and that issue involves two questions: Was the trial court correct in finding Kenneth had satisfied his support obligation and, if so, does that relieve Kenneth of liability to SRS?

A ruling on a motion for relief from judgment rests in the discretion of the trial court. *In re Marriage of Welliver*, 254 Kan. 801, 811, 869 P.2d 653 (1994). And accrued, unpaid child support payments cannot be modified under K.S.A. 60-260(b)(6). *Brady v. Brady*, 225 Kan. 485, Syl. ¶ 2, 592 P.2d 865 (1979).

*Brady* goes on to discuss termination of court-ordered child support. "When a child attains the age of majority, or when a child goes to live with the other parent, or when a child dies, the obligation to pay support for that child should automatically cease and terminate unless the agreement provides otherwise." 225 Kan. at 491.

*Brady* was clarified in *In re Marriage of Peak*, 244 Kan. 662, 772 P.2d 775 (1989): *Brady* applies only to permanent changes of the child's residence. 244 Kan. at 664-65.

The district court found Kenneth had moved into Carol's home and assumed all support for the children. And although the children did not physically change residence, the end result is the same as in *Brady*—Kenneth could automatically eliminate his support obligation, and as in *Brady*, the trial court's reliance on 60-260(b) is not fatal on these facts.

*Brady*, however, did not deal with an assignment of child support rights to SRS. We are therefore left with the second

question of whether the trial court erred in finding Kenneth was not liable to SRS because he had met his support obligation.

The State is allowed to provide assistance to needy children and to recoup those expended funds from parents who have an obligation to support the children but who have not fulfilled that obligation. See *State ex rel. Secretary of SRS v. Castro*, 235 Kan. 704, 710, 684 P.2d 379 (1984); K.S.A. 39-709(c).

That Carol automatically assigned her rights in any support from Kenneth to SRS when she began receiving assistance is undisputed. The Trustee, however, fails to note that K.S.A. 39-718b(a) begins with "Except as provided in subsection (b)." Subsection (b)(3) provides:

"With respect to an individual parent or guardian, the provisions of subsection (a) shall not apply to: . . . (3) assistance provided during a month in which the parent or guardian has *fully* complied with the terms of an order of support for the child, if a court of competent jurisdiction has considered the issue of support." (Emphasis added.)

A hearing officer found that Kenneth had satisfied the support order. On de novo review, the same judge who originally ordered Kenneth to pay support found: "Despite not complying with the decree [Kenneth] has fully satisfied his support obligation;" and "having fully satisfied his support obligation [Kenneth] is not liable for any benefits assigned to SRS."

We have found no reported cases construing subsection (b)(3). Strictly construed, of course, the words of K.S.A. 39-718b(b)(3) "fully complied with the terms of an order of support" would necessarily include Kenneth paying the support through the Trustee instead of directly to Carol or the children.

The Trustee's reliance on *Grassi v. Grassi*, 8 Kan. App. 2d 610, 663 P.2d 312 (1983), is somewhat misplaced in that the accrued support there was *unpaid* when the court ordered the father to pay it.

Kenneth, on the other hand, relies on *Andler v. Andler*, 217 Kan. 538, Syl. ¶ 1, 538 P.2d 649 (1975), and *Ediger v. Ediger*, 206 Kan. 447, Syl. ¶ 4, 479 P.2d 823 (1971), for the proposition that when support is paid directly to the spouse or children, equity may justify a court crediting payments made at variance with the technical requirements of the decree.

An exception in a statute which restricts the general·enacting clause should be strictly construed so as to exclude only those cases which are fairly within the terms of the exception. *McGinnis v. Kansas City Power & Light Co.*, 231 Kan. 672, 679, 647 P.2d 1313 (1982).

In other words, there is some support for ruling either way in the present case. And in dicta in *Grassi*, we said "it is reversible error to modify, settle, satisfy, discharge or enforce the support order in a manner inconsistent with the assignment [to SRS]." 8 Kan. App. 2d at 612.

Whether the statement means it is reversible error to not notify SRS of a proceeding affecting the support order, or whether it means that any order to modify or enforce a support order in derogation of an SRS assignment is reversible error, is unclear.

What is clear is this: We are left with competing interests and conflicting outcomes from every approach taken on this difficult case. If the trial court did not err, SRS will have as its only possible recourse for recoupment an action against Carol pursuant to K.S.A. 39-719b, which provides Carol had a duty to inform SRS of her changed circumstances. See *State ex rel. Secretary of SRS v. Jackson*, 249 Kan. 635, 822 P.2d 1033 (1991).

On the other hand, if the trial court did err, Kenneth must pay child support twice, although had he paid the support through the Trustee as ordered, this situation would not have arisen.

We are compelled to reverse the trial court's ruling; otherwise, in our view, chaos would reign. When a decree orders support payments to be made through the Trustee, it should be made through the Trustee. If Kenneth had done so, this case would never have occurred. Kenneth did not "fully comply" with the support order as required by the statute. The trial court erred in holding Kenneth had complied with his support order.

A couple of other issues need to be addressed briefly. Kenneth argues he was not given notice of Carol's assignment to SRS and therefore had no obligation to pay SRS. SRS was not required to give Kenneth notice of the assignment. K.S.A. 39-754(b) provides that SRS "shall file a notice of the assignment with the court ordering the payments without the requirement that a copy of the notice be provided to the obligee or obligor."

Further, Kenneth had notice that Carol was receiving SRS assistance and was obligated to turn over Kenneth's payments to SRS. Carol stated this during the divorce hearing. In addition, the trial court found that Kenneth was residing with Carol and the children throughout the time she was receiving AFDC. Under *Whisler v. Whisler*, 9 Kan. App. 2d 624, 627, 684 P.2d 1025 (1984), Kenneth had notice that Carol has assigned his support payments to SRS.

Finally, the Trustee raises numerous claims concerning the dollar amounts it expended on behalf of the children and those it has recouped from Kenneth to offset those amounts. For example, the Trustee claims SRS paid $8,655 to Carol and that SRS has a claim against Kenneth of $9,000. The Trustee claims SRS captured Kenneth's unemployment compensation at the rate of $84 per week from July 11, 1992, through April 10, 1993, and later claims that $5,400 of Kenneth's support arrearage was paid through unemployment compensation intercepts.

It thus appears the Trustee is claiming that SRS may profit from the court-ordered support being higher than the amount SRS expended on behalf of the children, as well as being able to ignore what has already been intercepted from Kenneth's unemployment compensation. In this, the Trustee is mistaken.

Reversed and remanded with directions to recalculate the amount actually owed to SRS pursuant to the assignment.